## No. 26510

**The People of the State of Colorado v. Robert P. Fullerton, District Judge, and the District Court in and for the Second Judicial District of the State of Colorado**

(525 P.2d 1166)

Decided August 26, 1974.

98

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Deputy, for petitioner.

Robert P. Fullerton, Duncan W. Cameron, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant was charged with possession of a weapon by a previous offender (Felon With a Gun Statute), 1971 Perm. Supp., C.R.S. 1963, 40-12-108. His counsel filed a motion for a bifurcated trial, alleging that the two elements of the offense, possession and prior felony record, should be tried separately before the same jury. He argued that to impart knowledge of the defendant's prior record to the jury would unduly influence a verdict and finding on the issue of possession. The trial court agreed and granted his motion. In this original proceeding, the district attorney seeks relief in the nature of a writ of prohibition, alleging that the court's order for a bifurcated trial was in excess of its jurisdiction. We issued a rule to show cause and now make the rule absolute.

 Bifurcated trials are permitted in prosecutions for second or subsequent offenses when the prior convictions are alleged as a basis for imposition of a harsher sentence and are relevant only to punishment. *Quintana v. People,* 169 Colo. 295, 455 P.2d 210 (1969). The weight of modern authority calls for a mandatory two-stage trial for the trial of the collateral issue of enhanced punishment to avoid prejudice to the defendant in the initial determination of the issue of guilt. *See, e.g., Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948); *United States ex rel. Scoleri v. Banmiller,* 310 F.2d 720 (3d Cir. 1962); Model Penal Code § 210.6 (Proposed Official Draft, 1962). This is not a case where the information charged a substantive offense and, in addition, a prior conviction unrelated to the substantive offense. If such were the case, proof of the prior conviction could not be admitted prior to proof of the substantive offense. *Heinze v. People,* 127 Colo. 54, 253 P.2d 596 (1953). The limitations set forth in the *Heinze* case do not apply here.

This case does not involve a collateral issue of enhanced punishment. Under the Felon With a Gun Statute, the prior conviction does not go merely to the punishment to be imposed, but rather is an element of the substantive offense charged. The distinction is critical.

The potential prejudice to the defendant from a unitary trial of the issues must be weighed against the need to prevent undue interference with the administration of criminal justice. The trial judge has a duty to safeguard the rights of the accused and to ensure the fair conduct of the trial. *American Bar Association Standards for Criminal Justice Relating to The Functions of the Trial Judge* § 1.1. In the furtherance of that duty, he has broad discretion under Crim. P. 14 to order a separate trial of counts when their joinder would result in prejudice. However, where, as here, the issues sought to be tried separately are both elements of the same crime, the potential for disruption of the orderly trial of criminal cases is great.

Many crimes contain one element which is more prejudicial than another. Were we to permit bifurcation in this case, every crime which contains two elements, one of which is prejudicial to the accused, could result in a bifurcated trial. Evidence introduced to establish the second element of each of the following offenses necessarily informs the jury of the fact, if not of the details, of the defendant's prior criminal record: Possessing contraband while confined in a detention facility (1971 Perm. Supp., C.R.S. 1963, 40-8-204(b)), committing an assault while escaping from a place of confinement (1971 Perm. Supp., C.R.S. 1963, 40-8-206), holding a hostage by threat of force while in custody or confinement (1971 Perm. Supp., C.R.S. 1963, 40-8-207). A bifurcated trial of these and other crimes containing a prejudicial element would unduly interfere with the administration of the criminal justice system. With good reason, "two-part jury trials are rare in our jurisprudence." *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

A defendant's right to a fair trial can be safeguarded

without the disruption of trials which the bifurcated proceeding necessarily entails. The proper way for the court to prevent the possibility that the evidence offered to establish one element of the crime will influence jury findings as to the other elements is to give careful and thorough jury instructions. Because the defendant's prior record was not merely relevant to punishment, but was an element of the crime charged, we hold that the order of the trial court granting a bifurcated trial was in excess of its jurisdiction.

Accordingly, the rule to show cause is made absolute.

MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.