**Larry William CLEVELAND, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2192.**

Supreme Court of Alaska.

Aug. 8, 1975.

Lawrence J. Kulik, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

## OPINION

BOOCHEVER, Justice.

The issue on this appeal is the propriety of the granting of a motion to consolidate the trial of several offenses. Appellant Larry Cleveland was indicted in superior court [Case No. 73–470 Cr.] on August 30, 1973 on one count of attempting to pass a forged check. On September 27, 1973, a four-count indictment was returned against Cleveland [in Case No. 73–540 Cr.] charging him with burglary and larceny of two businesses in adjacent premises. The District Attorney moved to consolidate the indictments for a single trial. Defense counsel opposed this motion alleging generally that such consolidation would prejudice the defendant.[1] The lower court held a hear-

---

1. Relying on the grounds set forth in *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85, 88 (1964), defense counsel asserted that defendant might be prejudiced by the consolidation in that:

    (1) he may become embarrassed or confounded in presenting separate defenses;

    (2) the jury may use the evidence of one of the crimes charged to infer a criminal

disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or

(3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

ing on the matter and granted the motion to consolidate. No further objection to the consolidation was raised by the defendant during the course of the trial.

At trial, Cleveland testified in his own defense and denied any participation in the burglary. By way of explaining the presence of his fingerprints on a cash box found on the burglarized premises, Cleveland testified that he visited the home of the perpetrators of the burglary shortly after the crime had been committed. The cash box on which Cleveland's fingerprints were found was, at that time, on the kitchen table, along with a number of blank checks taken from the two offices. Cleveland further testified that his friends told him he was just in time to make some money. At some point during his visit, Cleveland stated that he picked up the cash box and looked inside. Subsequently, his friends returned to the burglarized offices taking the cash box with them. Cleveland waited for them to return home, and when they did, they gave him several of the stolen checks. He testified that the next day he attempted to pass one of the checks but was detected and apprehended.

The jury found Cleveland guilty on the forgery charge and not guilty on two of the four burglary counts. On the other two burglary counts, a hung jury resulted, and the charges were subsequently dropped.

The single issue presented on appeal is whether the trial court judge abused his discretion in allowing the two cases to be consolidated. It is contended that this joinder forced Cleveland to choose between not taking the stand, thus allowing the jury to consider the unexplained evidence (presence of his fingerprints at the scene of the burglary), or taking the stand to explain that evidence, thereby exonerating himself of the burglary but, in the process, admitting the forgery. Cleveland argues that he was thus prejudiced by such a consolidation, and that the charges should have been severed under Alaska R. Crim.P. 14 which provides in part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses . . ., the court may order . . . separate trials of counts . . . or provide whatever other relief justice requires. . . .

The mainstay of Cleveland's argument that he was prejudiced by the consolidation which took place is *Cross v. United States.*[2] In *Cross,* appellants were charged in a joint indictment with robbery of a church rectory on February 23, 1962 and robbery of a tourist home on May 2, 1962. Cross' objection on appeal was that the district court erred in refusing to sever the charges. Cross' testimony at trial indicated that while he wished to testify as to the tourist home robbery, did not wish to testify with regard to the robbery of the church rectory. Cleveland places particular reliance on that portion of the opinion in *Cross* stating:

> Prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence. His decision whether to testify will reflect a balancing of several factors with respect to each count: the evidence against him, the availability of defense evidence other than his testimony, the plausibility and substantiality of his testimony, the possible effects of demeanor, impeachment, and cross-examination. But if the two charges are joined for trial, it is not possible for him to weigh these factors separately as to each count. If he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count. Thus he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count would be damaging in the face of his express denial of the other. Thus he may be coerced into testify-

2. 118 U.S.App.D.C. 324, 335 F.2d 987 (1964).

ing on the count upon which he wished to remain silent. It is not necessary to decide whether this invades his constitutional right to remain silent, since we think it constitutes prejudice within the meaning of Rule 14.[3]

The state responds to this authority by noting that *Cross* has been further interpreted by two subsequent opinions. In *Baker v. United States*,[4] the United States Court of Appeals for the District of Columbia stated:

[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.[5]

Later in *Robinson v. United States*,[6] the same court observed:

[A]t no time did appellant make the informational proffer which our decisions require "to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the consid-

erations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying." [7]

As the state correctly points out, Cleveland's opposition to the motion to consolidate did not specify the reasons upon which he now bases his appeal. Nowhere in his opposition did Cleveland state that he wished to testify on the burglary charge but not on the forgery charge, and that for this reason, consolidation would prejudice him. Nor, did his opposition indicate the nature or importance of the testimony he wished to given on the burglary charge. In *United States ex rel. Tarallo v. LaVallee*,[8] the court rejected a similar claim of prejudice resulting from the lower court's failure to heed defendant's motion to sever. The appellate court noted the pre-trial motion alleged only that "defendant is placed in a very, very prejudicial position by being charged with two crimes when it's difficult enough for me to meet one of them". In concluding that the trial court judge did not abuse his discretion in denying the defendant's motion for a severance, the court wrote:

[I]n order for a defendant to be granted a severance, he must make a "convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958, 977 (1968). Tarallo made no such showing to the trial judge even in his motion at the end of the state's case; all he

---

3. 335 F.2d at 989 (footnotes omitted). Federal Rule of Criminal Procedure 14 provides in part:
   If it appears that a defendant . . . is prejudiced by a joinder of offenses . . . for trial together, the court may order an election or separate trials of counts . . . or provide whatever other relief justice requires.
   As such, it is virtually identical to Alaska R. Crim.P. 14, *supra*.

4. 131 U.S.App.D.C. 7, 401 F.2d 958 (1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970).

5. *Id.* at 976–77 (footnotes omitted).

6. 148 U.S.App.D.C. 58, 459 F.2d 847 (1972).

7. 459 F.2d at 855 n. 53 (citations omitted), quoting from *Baker v. United States*, 131 U.S.App.D.C. 7, 401 F.2d 958, 977 (1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed. 2d 384 (1970) (footnote omitted).

8. 433 F.2d 4 (2nd Cir. 1970), *cert. denied*, 403 U.S. 919, 91 S.Ct. 2235, 29 L.Ed.2d 697 (1971).

presented was the fact that he had to make an "election," not that he was confronted with a dilemma fraught with prejudice.[9]

Similarly, Cleveland's opposition to the state's motion to consolidate alleged prejudice only in general terms and made no reference to the specific nature of the prejudice relied upon on this appeal. Thus, Cleveland did not so inform the trial court of the nature of the prejudice he felt would result from a consolidation as to allow the court to weigh intelligently the considerations for and against consolidation. Under these circumstances, we hold that the trial judge did not abuse his discretion in granting the state's motion to consolidate.[10]

Affirmed.

FITZGERALD, J., not participating.

---

9. *Id.* at 6.

10. Even had Cleveland properly objected to the consolidation, it is doubtful whether he would have been able to show the requisite prejudice to support a severance since evidence of each offense would have been admissible at the trial of the other. *See United States v. Weber,* 437 F.2d 327, 332 (3rd Cir. 1970), *cert. denied,* 402 U.S. 932, 91 S.Ct. 1524, 28 L.Ed.2d 867 (1971) ; *Baker v. United States,* 137 U.S.App.D.C. 7, 401 F.2d 958, 974 (1968), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970).