**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Billy Wayne PETERSON, Defendant-Appellant.**

No. 78–083.

Colorado Court of Appeals, Div. II.

April 16, 1981.

Rehearing Denied May 14, 1981.

Certiorari Granted Sept. 14, 1981.

David H. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellee.

J. Stephen Price, Colorado Springs, for defendant-appellant.

SMITH, Judge.

Defendant, Billy Wayne Peterson, appeals his conviction of second decree burglary, second degree assault, three counts of felony menacing, and possession of a weapon by a previous offender. We affirm in part, reverse in part, and remand the cause for a new trial.

I.

Defendant contends that the trial court erred in ordering a single trial on all six counts alleged in the information. Defendant argues that count six, "possession of a weapon by a previous offender," should have been tried separately because of the prejudice that might arise from the necessity of proving defendant's prior felony conviction, in order to present a prima facie case on that count. The People argue that the issue of severance was not preserved for appeal since defendant failed to request at trial that count six be severed. While we find that defense counsel's purported motion to sever was inartful, it is our view that the issue was sufficiently raised at trial to preserve it for our consideration.

Prior to the commencement of trial, defense counsel requested that the court utilize a procedure similar to the procedure used in a habitual criminal proceeding to obviate the prejudice that might result to defendant if the jury were to be informed at the outset that defendant was a convicted felon. Defense counsel stated in pertinent part:

"Your Honor, if it please the court, before the jury comes in, there is another matter I forgot, which pertains, possibly, to jury selection, and that is, one of the six counts pertains to an allegation of a prior offense. It's highly prejudicial that the jury be informed of that charge prior to the case going to the jury. And I would compare it with a habitual criminal proceeding where the habitual criminal charges are not read to the jury preliminarily...."

While it is clear from the record that defense counsel did not make a formal motion for separate trials, or specifically for a bifurcated trial, we conclude that counsel's comments with regard to the prejudice involved in trying all counts together, along with his request that the jury not be informed of the prior felony conviction prior to the presentation of evidence on the weapon possession charge were sufficient to

raise the severance issue. Because this issue is such a basic one, we therefore consider it to be necessary to address it on appeal, albeit acknowledging that under the technical rules of preserving issues for appeal, defendant may not have done all that we would normally require as a prerequisite to appellate review.

At the commencement of jury selection, the trial court read to the jury all six counts, including count six which reads as follows:

"[T]hat on or about the 29th day of April, 1976, ,Billy Wayne Peterson allegedly having been previously convicted of the crime of voluntary manslaughter on May 7, 1971, . . . did unlawfully and feloneously [sic] possess, use and carry upon his person a firearm and other weapon, to-wit: A gun; in violation of Colorado Revised Statutes § 18–12–108, alleging the crime of Possession of Weapon by a Previous Offender."

The prior conviction was emphasized by the prosecutor who paraphrased count six of the information in his opening statement as follows:

"And lastly, he is charged with possessing a gun as a former convicted felon. He is charged with having been convicted of the offense of voluntary manslaughter on the 7th day of May, 1971, and possessing a firearm since that conviction would be a violation of the law."

Thereafter, the prosecution called the defendant's mother as a witness, who testified that she was present in court when her son pleaded guilty to the charge of voluntary manslaughter. The prosecution also called the police officer who testified that defendant was on parole for voluntary manslaughter. Finally, the trial court took judicial notice of the court file establishing defendant's prior conviction for voluntary manslaughter.

■ Our Supreme Court has observed on numerous occasions that evidence of prior criminality casts a "damning innuendo likely to beget prejudice in the minds of juries." *People v. Lucero,* Colo., 615 P.2d 660 (1980); *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). A danger exists that a presumption of guilt may be generated against an accused by showing that he committed a prior crime. Jurors may consider such evidence as indicative that he is a depraved person who likely would commit the crime for which he is currently being tried. *Stull v. People, supra.* Hence, the general rule is that evidence is not admissible which shows or tends to show that the accused has committed a crime wholly independent of offense for which he is on trial. *Ruark v. People,* 158 Colo. 287, 406 P.2d 91 (1965).

■ Here, the disclosure to the jury panel at the inception of this case of the defendant's prior conviction for voluntary manslaughter so tainted the trial with the defendant's prior criminality that a fair trial on the first five counts became impossible. *Cf. People v. Lucero, supra,* the references to, and discussion of, the prior conviction were unnecessary and served no useful purpose in the trial of the first five counts.

■ Where, as here, a defendant is charged with a substantive offense and with possession of a weapon by a previous offender pursuant to § 18–12–108, C.R.S. 1973 (1978 Repl.Vol. 8), the trial court should invoke procedural safeguards to insure a fair trial. Such safeguards should include either a separate trial or a bifurcated procedure to obviate the prejudicial effect of prior convictions on the trial of the substantive offense. *See* Crim.P. 14; *People v. Lucero, supra.*

In reaching this decision, we are mindful of *People v. Fullerton,* 186 Colo. 97, 525 P.2d 1166 (1974), wherein our Supreme Court held that a bifurcated trial was not indicated where a defendant was only charged with possession of a weapon by a previous offender. In *Fullerton,* the Supreme Court stated as follows:

"This is not a case where the information charged a substantive offense *and, in addition,* a prior conviction unrelated to the substantive offense. If such were the case, proof of the prior conviction could not be admitted prior to proof of the

substantive offense." (emphasis added) *See Heinze v. People*, 127 Colo. 54, 253 P.2d 596 (1953).

Thus, the rule we announce here is in harmony with *Fullerton*.

## II.

Defendant also contends on appeal that the trial court erred in granting prosecution's motion *in limine* to exclude evidence relating to the witness Henry Bell's deferred prosecution for burglary, the effect of which was to deny defendant the opportunity to impeach one of the prosecution's witnesses. Defendant alleges that the prosecution agreed to offer Henry Bell a deferred prosecution in return for Bell's agreement to return to Colorado and testify against the defendant.

At the *in limine* hearing, defendant did not object to the prosecution's request limiting cross-examination, nor was such cross-examination attempted at trial. However, we elect to consider this issue now since it is likely to arise again on retrial.

In *People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972), our Supreme Court held that a trial court should allow broad cross-examination of a prosecution witness with respect to the witness' motive for testifying, especially where such witness is charged with or threatened with criminal prosecution for other alleged offenses not connected with the case in which he testifies, and where his testimony against defendant might be influenced by a promise of, or hope, or expectation of, immunity or leniency with respect to the pending charges against him.

Cross-examination should be liberally extended to permit a thorough inquiry into the motives of witnesses. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347; *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976). And, within broad limits, any evidence tending to show bias or prejudice, or to throw light upon the inclinations of witnesses, should be permitted. *People v. Taylor, supra.*

Here, evidence of the agreement entered into by the prosecution and Bell would have tended to show the bias of the witness and his motives for testifying.

Such prejudice, if shown, might have greatly assisted the jury in its consideration of Bell's testimony. Thus, on retrial, cross-examination of this issue should be permitted.

## III.

We do not address defendant's remaining assertions of error since they are unlikely to arise again upon retrial. However, as to defendant's conviction of count six, the People point out, and correctly so, that none of the errors which justify reversal of defendant's conviction of the first five counts of the information could have had any effect upon whether the defendant received a fair trial on the issue of whether he was a previously convicted felon in possession of a gun. While that issue so tainted his trial on the other issues as to mandate reversal, the evidence of his guilt on that charge was unequivocal, and was unaffected by the errors we have found to have occurred.

Therefore, the judgment of conviction on count six of the information is affirmed, the judgment of conviction on counts one through five are reversed, and the cause is remanded for a new trial on the first five counts of the information.

BERMAN and VAN CISE, JJ., concur.