656 P.2d 1301 (1983)
The PEOPLE of the State of Colorado, Petitioner,
v.
Billy Wayne PETERSON, Respondent.
No. 81SC189.
Supreme Court of Colorado, En Banc.
January 10, 1983.
Rehearing Denied January 31, 1983.
*1302 Robert L. Russel, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for petitioner.
J. Stephen Price, Colorado Springs, for respondent.
DUBOFSKY, Justice.
We granted the People's petition for a writ of certiorari to review the judgment of the Court of Appeals in People v. Peterson, 633 P.2d 1088 (Colo.App.1981). The Court of Appeals remanded the case for a new trial because of the district court's failure to sever trial of the substantive criminal charges from trial of the charge of possession of a weapon by a previous offender. We affirm in part, reverse in part, and reinstate the judgment of the district court.
The defendant, Billy Wayne Peterson, was tried in El Paso County District Court in December, 1976, and was convicted of second degree burglary, second degree assault, three counts of felony menacing, and possession of a weapon by a previous offender. The defendant, who was on bond, did not appear in court after the first day of his trial. The trial continued, and after the return of the jury's verdict, defense counsel filed a timely motion for a new trial based upon the continuation of the trial in the defendant's absence and upon the court's refusal to grant the defense a pre-trial continuance. The court denied the motion for a new trial on January 10, 1977, and no appeal was perfected.
The defendant was returned to custody in the summer of 1977 and was sentenced on September 6, 1977.[1] The trial court advised the defendant of his right to appeal "pursuant to Rule 35." The defendant through new counsel then filed Crim.P. 35(b) motions denominated motion for rehearing of motion for new trial and motion to vacate jury verdict, both grounded on claims of ineffectiveness of trial counsel. Both motions were denied and no appeal was taken from the denials.
On November 1, 1977, the defendant attempted for the first time to file a direct appeal of the sentence imposed on September 6 by filing a request to file delayed notice of appeal of the sentence. In support thereof, defense counsel stated that her preoccupation with the 35(b) motions and with other cases caused her to miss the deadline for a direct appeal of the sentence. The request was denied, and an appeal was taken. On December 5, 1978, the Court of Appeals ruled that the trial court's erroneous instruction that the defendant had a right to appeal "pursuant to Rule 35" justified giving the defendant an additional 20 days to file a motion for new trial. Moreover, the Court of Appeals construed Crim.P. 32(c) as permitting the defendant to raise objections in his new trial motion to *1303 "any aspect of the conviction and sentencing."[2]
On remand, the defendant filed a motion for a new trial based upon the grounds alleged in the first motion for a new trial, the severity of the sentence, and the following additional, new grounds: the failure of the trial judge to disqualify himself; the denial of the defendant's pretrial motion to dismiss; the failure of the trial court to sever the possession of a weapon count from the other charges; and the admission of evidence of a prior conviction. After a hearing, the trial court denied the new trial motion on January 29, 1979. The defendant appealed.
The Court of Appeals reversed the defendant's convictions on all counts but that for possession of a weapon by a previous offender[3] and remanded for a new trial on those charges. The basis for the holding was that the introduction of evidence of the defendant's prior felony conviction in proving one element of the weapons count so tainted the proceeding that a fair trial on the other charges was impossible. The Court of Appeals determined that the evidence supporting the weapons count was unequivocal and that the weapons conviction was sound.
We granted certiorari to review the Court of Appeals' holding that the defendant should be retried on the charges of burglary, assault, and menacing. We hold that the Court of Appeals lacked jurisdiction to consider the issue of whether the defendant was prejudiced by the failure to sever the weapons count because that issue was not raised in a timely motion for a new trial.[4] Crim.P. 33(a) provides:
The party claiming error in the trial of any case must move the trial court for a new trial, and the trial court may not dispense with the necessity for filing such a motion but may dispense with oral argument on the motion after it is filed. Only questions presented in such motion will be considered by the appellate court on review.
Failure to raise an issue in the motion for a new trial deprives the appellate court of jurisdiction to consider it unless the issue is one involving plain error affecting the substantial rights of the defendant. Vigil v. People, 196 Colo. 522, 587 P.2d 1196 (1978). The severance issue was not raised in the defendant's December 22, 1976 motion for a new trial. Therefore, our inquiry is limited to whether failure to sever the weapons count from the other charges amounts to plain error.[5]
Each case in which it is argued that plain error has been committed must be resolved in light of its particular facts *1304 and the law that applies to those facts. People v. Mills, 192 Colo. 260, 557 P.2d 1192 (1976). It is not possible to find under the circumstances of this case that failure to order a severance was plain error. Rather, it is at least equally likely that defense counsel made a strategic decision not to seek severance. See ABA Standards for Criminal Justice, Joinder and Severance § 13 at 4-5 (2d ed. 1982) (tactical considerations affecting joinder and severance). When defense counsel's strategy backfires, the resultant error cannot be urged as grounds for reversal on appeal. People v. Mann, 646 P.2d 352 (Colo.1982); People v. Shackelford, 182 Colo. 48, 511 P.2d 19 (1973).
The defendant's retained private counsel was a former member of the District Attorney's staff whom the trial court found, in a post-trial hearing, to have conducted a vigorous and able defense. Still, defense counsel did not make a motion to sever the weapons count from the remaining charges prior to trial, nor did he renew the motion at the close of all of the evidence. At both stages, the failure to make a formal motion results in a waiver of the point on appeal. People v. Barker, 180 Colo. 28, 501 P.2d 1041 (1972); ABA Standards, supra, § 13-3.3.[6] Allowing a defendant to contend that the trial court's failure to grant severance sua sponte constitutes plain error would encourage defense counsel to not request severance in order to preserve potential error on appeal. Where the record indicates competent representation, defense counsel's silence must be interpreted as acquiescence in the joinder of counts.
Defense counsel did recognize the danger inherent in reading the weapons count, with its mention of the defendant's prior conviction for manslaughter, to the jury. Just before the jury was seated, and after the defendant's disappearance, defense counsel argued that the People were barred from bringing the weapons charge unless the defendant voluntarily took the witness stand in his own behalf.[7] The rationale for this argument, the defense maintained, was similar to that for bifurcating prosecutions under the habitual criminal statute, section 16-13-101, C.R.S. 1973 (1978 Repl.Vol. 8), which is to obviate *1305 the prejudicial effect of prior convictions on the trial of the substantive offense. The district court overruled the objection and allowed the reading of the weapons count to the jury and the introduction of evidence of the defendant's prior conviction.
The Court of Appeals described this objection as "inartful," but ruled that it sufficiently raised the severance issue to warrant appellate review. This analysis is incorrect. As is discussed above, an issue which is not set out in a timely new trial motion must constitute plain error to be considered on review. The Court of Appeals, while finding the issue "basic," did not hold that it approached plain error. We also decline to find plain error under the circumstances of this case. Plain error is error which is "obvious and grave," People v. Mills, supra. This is not a case of an obvious instance of plain error, such as the failure to instruct the jury on one of the essential elements of the crime charged. People v. Butcher, 180 Colo. 429, 506 P.2d 362 (1973). In such a case, the failure to object to the inadequate instructions can serve no strategic purpose. On the other hand, the considerations affecting a decision whether or not to sever are complex. "Given the facts of the same case, ... similarly situated defendants could often disagree on whether joint or separate trials should be requested." ABA Standards, supra, § 13 at 4.[8]
We agree with the Court of Appeals that where a defendant is charged with a substantive offense and with possession of a weapon by a previous offender under section 18-12-108, procedural safeguards such as separate trials or a bifurcated procedure should be available to ensure a fair trial. People v. Peterson, supra, 633 P.2d at 1090. It has also been suggested that a defendant proffer a stipulation as to his felony record to avoid bringing the taint of a prior conviction before the jury. State v. Moore, 274 N.W.2d 505 (Minn.1979). However, our analysis of the facts of this case persuades us that it is the defendant who must make a tactical decision whether to invoke such procedures and that the defendant must exercise the right to these procedures by means of a timely, pre-trial motion.[9]Accord State v. Moore, supra. Like a defendant in an habitual criminal proceeding, the defendant charged under section 18-12-108 may waive the right to separate proceedings by taking the witness stand. And, as a tactical choice, a defendant charged under section 18-12-108 may decide to forego separate proceedings altogether.
The judgment of the Court of Appeals is affirmed in part, reversed in part, and the district court's judgment of conviction on all counts is ordered to be reinstated.
QUINN, J., dissents.
QUINN, Justice, dissenting:
I respectfully dissent. I believe the court of appeals had jurisdiction to consider, without reference to the plain error standard of appellate review, whether the defendant was prejudiced by the failure of the district court to conduct a bifurcated trial on the charge of possession of a weapon by a previous offender. The bifurcation issue was preserved for appellate review, and in my opinion the court of appeals' resolution of this issue was correct.

*1306 I.
A review of the record in this case shows that the bifurcation issue was properly preserved for appellate review. The jury verdict was returned on December 17, 1976, in the defendant's absence. The defendant's trial counsel filed a motion for a new trial on December 22, 1976, and that motion was denied on January 10, 1977, also in the defendant's absence. A motion to withdraw was filed on behalf of defense counsel on August 4, 1977, because, as stated therein, the defendant, who now was in custody awaiting sentencing, intended to raise as error a denial of effective assistance of counsel. Thereafter, new counsel entered the case and on September 6, 1977, filed a motion for postconviction relief under Crim.P. 35, alleging various grounds including a violation of the defendant's right to the effective assistance of counsel. Before this motion was heard, however, the defendant appeared in court for sentencing on September 6, 1977. The court at that time sentenced the defendant to a term of thirty-eight to thirty-nine years for second degree burglary of a dwelling and concurrent indeterminate terms on the other charges, and advised him only that he had a right to appeal "pursuant to Rule 35." Defense counsel thereafter unsuccessfully pursued the defendant's Crim.P. 35 motion, which was denied on October 3, 1977. Defense counsel on November 1, 1977, filed a timely notice of appeal of the denial of the Rule 35 motion and also requested permission of the trial court to file a late notice of appeal with respect to the defendant's sentence. When the trial court denied the request for late filing, defense counsel sought permission from the court of appeals to file a late notice of appeal. The case was basically in this posture when the court of appeals on December 5, 1978, granted the defendant twenty days to file a motion for a new trial with the trial court and remanded the case to the trial court for resolution of the motion. Defense counsel promptly filed a new trial motion and raised as error the trial court's failure to bifurcate the weapon count from the other counts. This motion was denied on January 29, 1979, and the case thereafter was returned to the court of appeals.
I believe this chronology of events demonstrates that the court of appeals was not without jurisdiction, under the circumstances of this case, to permit the defendant to file a belated motion for a new trial and to remand the case to the trial court for a hearing on the motion. Although the majority attaches critical significance to the defendant's failure to perfect an appeal of the denial of this motion for a new trial on January 10, 1977, there was good reason for such inaction. As yet there had been no final judgment to appeal because the defendant had not yet been sentenced. C.A.R. 4(b) provides that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the trial court within thirty days after the entry of judgment or order appealed from." Crim.P. 32(c) states that a judgment of conviction "shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant." (emphasis added). Thus, until a judgment was entered, the thirty day period for filing a notice of appeal had not begun to run against the defendant.
On September 6, 1977, when the defendant was sentenced, a judgment of conviction did enter and the thirty day period for filing a notice of appeal began to run. However, at the sentencing hearing the court failed to properly advise the defendant of his right to appeal his conviction, as mandated by Crim.P. 32(c). The trial court merely advised the defendant of his right to appeal "pursuant to Rule 35," thus implying that the defendant, apparently by reason of his absconding from trial, had no right to appeal any errors occurring during the trial itself. It was this defect in the advisement at sentencing on September 7, 1977, which prompted the court of appeals to take the action it did on December 5, 1978.[1]
*1307 A motion for a new trial in a criminal case serves as "a procedural prerequisite intended to assure that the matters appealed have been considered by the trial court." People v. Moore, 193 Colo. 81, 83, 562 P.2d 749, 751 (1977). Although a motion for a new trial in a criminal case is necessary for appellate review, the time limitation for the motion "is not jurisdictional in the sense that without it the court would lack authority to adjudicate the subject matter." Id. The jurisdictional authority of the court of appeals to permit the filing of a belated motion for a new trial is found in the Colorado Appellate Rules. C.A.R. 26(b), with one exception, grants the appellate court the authority to enlarge the time for doing an act or to permit an act to be done after the expiration of the allotted time. The exception is the enlargement of time for filing a notice of appeal in a civil case beyond the time limitation prescribed in C.A.R. 4(a). See People v. Allen, 182 Colo. 395, 513 P.2d 1060 (1973). Furthermore, C.A.R. 35(e) provides, in pertinent part, that "[i]n all cases on appeal the appellate court... may remand the case to the trial court in order that ... other proceedings may be had therein." Other proceedings on the cause certainly encompass the filing and resolution of a belated motion for new trial, particularly when the defendant was never adequately advised of his appellate rights in the first instance. Our appellate rules, in my view, authorize the type of jurisdiction exercised by the court of appeals in this case. Since the bifurcation issue was preserved for appeal in the defendant's second motion for a new trial, the filing of which was expressly authorized by the court of appeals, the court of appeals was not limited to the plain error standard of review in resolving this issue.

II.
The record shows, with respect to the bifurcation issue, that the defendant's trial counsel called the court's attention to the basic unfairness of simultaneously proceeding to trial on the charge of possession of a weapon by a previous offender, an essential element of which included the defendant's *1308 prior conviction for voluntary manslaughter on May 7, 1971, and the other counts of second degree burglary, second degree assault, and felony menacing. Defense counsel informed the court that the situation here was closely analogous to the bifurcated procedure required for the trial of an habitual criminal charge. See section 16-13-103, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.); People v. Chavez, 621 P.2d 1362 (Colo.1981), cert. denied, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981); People v. Lucero, 200 Colo. 335, 615 P.2d 660 (1980). The trial court at that point inquired of the district attorney whether he intended to offer evidence of the defendant's prior conviction in the prosecution's case in chief. When the district attorney replied in the affirmative, the trial court denied the defendant's request for a bifurcated proceeding. Once the jurors were sworn the trial court read to them all the counts, including the weapons charge alleging the defendant's prior conviction for voluntary manslaughter. The prosecutor told the jury in his opening statement:
"And lastly, [the defendant] is charged with possessing a gun as a former convicted felon. He is charged with having been convicted of the offense of Voluntary Manslaughter on the 7th day of May, 1971, and possessing a firearm since that conviction would be a violation of the law."
This record, as I view it, clearly placed before the trial court the issue of the defendant's entitlement to a bifurcated trial on the weapons charge.
The basic unfairness in failing to bifurcate a charge alleging a prior felony conviction is obvious. Nonbifurcation results in informing the jury at the outset of the trial that the defendant is a previously convicted felon. See People v. Fullerton, 186 Colo. 97, 525 P.2d 1166 (1974). The prejudice inherent in such a procedure was pointed out by this court in People v. Lucero, supra. In that case the defendant was charged with and convicted of first degree assault on a peace officer and habitual criminality based upon two prior felony convictions. At the commencement of jury selection the trial judge advised the jury panel of the charges, including the felony convictions underlying the habitual criminal counts. In reversing the defendant's conviction on all counts we stated that "[t]he defendant's prior criminality and bad character had no place in the first phase of the trial proceedings," and that "[t]he statutory procedures mandate a bifurcated trial in this situation precisely to obviate the prejudicial effect of prior convictions on the trial of the substantive offense." 200 Colo. at 340, 615 P.2d at 666. Cf. People v. Fullerton, supra (recognizing prejudiciality in offering evidence of prior conviction prior to conviction of substantive offense); Heinze v. People, 127 Colo. 54, 253 P.2d 596 (1953) (defendant's conviction for driving under the influence reversed where a prior driving under the influence conviction was admitted as an enhancement of penalty prior to the defendant's conviction on the substantive offense). I agree with the court of appeals that "the disclosure to the jury panel at the inception of this case of the defendant's prior conviction for voluntary manslaughter so tainted the trial with the defendant's prior criminality that a fair trial on the first five counts became impossible." People v. Peterson, 633 P.2d 1088, 1090 (Colo.App.1981). I would affirm the judgment of the court of appeals.
NOTES
[1] The defendant received concurrent sentences of 38-39 years for burglary, indeterminate to 10 years for assault, and indeterminate to 5 years for the three menacing counts and for possession of a weapon.
[2] The defendant's notice of appeal, filed simultaneously with the request to file a delayed notice of appeal on November 1, 1977, reflected an intention to appeal only the length of the sentence imposed. Under Crim.P. 32(c) and C.A.R. 4(b), a defendant has the right to seek timely review of the sentence, of costs awarded, if any, and of those aspects of the verdict, plea, or findings which were challenged in a timely motion for a new trial.
[3] Section 18-12-108, C.R.S.1973 (1978 Repl. Vol. 8), forbidding possession of weapons by previous offenders, provides:

"Any person previously convicted of burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses, under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release or escape from incarceration, whichever is greater, who possesses, uses, or carries upon his person a firearm or other weapon mentioned in section 18-1-901(3)(h) or sections 18-12-101 to XX-XX-XXX commits a class 5 felony. A second or subsequent offense under this section is a class 4 felony."
[4] The Court of Appeals similarly was without jurisdiction to order the filing of a second new trial motion in December, 1978. Crim.P. 33(b) limits extensions of time for filing new trial motions to those allowed by the trial court within the 15 days after a guilty verdict is rendered. Neither Crim.P. 45(b) nor C.A.R. 4(b) authorizes the Court of Appeals to order the filing of a second new trial motion nearly two years after the initial period has expired, especially where the defendant has never sought leave to file a second motion.
[5] Crim.P. 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
[6] Standard 13-3.3 provides:

"(a) A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.
(b) On any motion for severance of offenses or defendants, the court should order the prosecution to disclose, in camera or otherwise, any information which it intends to introduce as evidence and which would assist the court in ruling on the motion.
(c) If a defendant's pretrial motion for severance was overruled, the motion may be renewed on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion.
(d) Unless consented to by the defendant, or unless granted upon a finding of manifest necessity, a motion by the prosecuting attorney for severance of counts or defendants may be granted only prior to trial.
(e) If a motion for severance is granted during the trial and the motion was made or consented to by the defendant, the granting of the motion shall not bar a subsequent trial of that defendant on the offenses severed."
[7] "COUNSEL FOR DEFENDANT: For the record, Your Honor, I strenuously object to any evidence or the reading of the Information in regards to Count 6 to the jury prior to the evidence being introduced in that regard, as it is highly inflammatory. It's evidence that would not normally come before the jury unless the Defendant took the witness stand in his own behalf, or unless the Defendant was to offer evidence on character in his own behalf, in which case, the Prosecution would be allowed to enter evidence of prior felonies.

THE COURT: Are you saying that as to the charge of `Possession of a Weapon by a Previous Offender' that the People are estopped from bringing this charge before the jury because of this argument?
COUNSEL FOR DEFENDANT: Your Honor, if that's what it takes. That's part of my argument. The only thing I would compare it to is a habitual criminal proceeding, where the jury is not advised of an allegation of former convictions until
THE COURT: You don't have any case law on this particular offense, though?
COUNSEL FOR DEFENDANT: No, I don't."
[8] Relevant tactical considerations include the cost, delay, and stress of separate trials; the fact that the defendant will be impeached by the prior conviction if he takes the stand or if he presents character evidence in his own behalf; the fact that separate trials will give the People two opportunities to convict the defendant on the same evidence; and the increased risk of incurring consecutive, rather than concurrent, sentences if separate trials are held.
[9] The motion to sever must be renewed either at the time the prejudicial evidence is admitted or at the close of all of the evidence. Reed v. People, 174 Colo. 43, 482 P.2d 110 (1971); ABA Standards, supra note 6. The purpose of the rule requiring that timely motions be made and the grounds for them stated with particularity is to ensure that the trial court has an opportunity to consider the merits of the issue, thereby mitigating both the possibility of prejudice to the movant and the necessity of an appeal. See Crim.P. 12, 14, and 51.
[1] The court of appeals' order of remand states, in pertinent part:

"On November 1, 1977, defendant filed notice of appeal of the denial of his 35(b) motion and, at the same time requested of the trial court permission pursuant to C.A.R. 4(b) to file late notice of appeal of the sentence imposed. On November 4, 1977, the trial court denied defendant's request to file late notice, stating that `the time for appeal has long passed.' Defendant by his newly appointed counsel now requests that this court grant him permission to file late notice of appeal of both his sentence and his conviction.
"It appears from the record that the trial court, in summarily rejecting defendant's request to file late notice of appeal of the sentence, misunderstood the date from which such appeal could be taken. C.A.R. 4 governs the right of a defendant to appeal his conviction and his sentence to this court. A defendant who is convicted of a felony has the right `when sentence is imposed' to one appellate review of the propriety of the sentence. C.A.R. 4(c)(1). Thus defendant had 30 days from September 6, 1977, the date sentence was imposed, to file notice of appeal of his sentence. In addition, because a judgment consists of a verdict plus a sentence, Crim.P. 32(c), defendant was also entitled to initiate an appeal of his conviction, for 30 days from September 6, 1977. Cf. People v. Fisher, 189 Colo. 297, 539 P.2d 1258 (1975).
"The trial court, upon a showing of excusable neglect, could have allowed defendant to file late notice of appeal of his conviction and sentence up to November 6, 1977. C.A.R. 4(b). In this case, however, we need not remand for a reconsideration of defendant's motion to file late because, as defendant contends, the trial court misadvised him at the time of sentencing of his right to appeal. Therefore defendant must be allowed to file late. See People v. Montgomery, 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969).
"Crim.P. 32(c) states that: `Except in cases where judgment of conviction has been entered following a plea of guilty or nolo contendere, the court shall after passing sentence inform the defendant of his right to seek review.' Here the trial court misinformed defendant of his right to appeal by in effect advising that appeal was restricted to C.A.R. 35. There was no indication to defendant of his right to a direct appeal pursuant to C.A.R. 4. We hold that failure to inform defendant properly of his right to seek review constitutes `good cause' within the meaning of C.A.R. 26(b), and therefore this court may enlarge the time for filing a notice of appeal from both the sentence and the conviction. See People v. Allen, 182 Colo. 395, 513 P.2d 1060 (1973)."