**James C. ELERSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1425.**

Court of Appeals of Alaska.

Feb. 6, 1987.

---

Joseph A. Kalamarides, Kalamarides & MacMillan, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

James C. Elerson was convicted of five counts of misconduct involving weapons in the first degree, AS 11.61.200(a)(1) (felon in possession of a concealable firearm), and five counts of theft in the second degree, AS 11.46.130(a)(1) and (2); AS 11.46.190. Superior Court Judge S.J. Buckalew, Jr., sentenced Elerson to concurrent presumptive terms of three years on each count. Elerson appeals, contending that there was insufficient probable cause to support the issuance of a warrant to search his home, that improper joinder of the felon in possession charges with the theft by receiving charges prejudiced his defense, and that he was entitled to a jury instruction on the requisite mental state for theft by receiving. We reverse in part and affirm in part.

■ The warrant to search Elerson's home was issued on the basis of information supplied to the police by an informant. Elerson contends that the credibility of the informant was not sufficiently established to support a finding of probable cause. Alaska uses the two-pronged *Aguilar/Spinelli* test to determine the validity of a search warrant issued on the basis of informant information. *Aguilar v. Texas,* 378

U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The *Aguilar/Spinelli* test requires that the proponent of a search warrant establish that the information is based upon the informant's personal knowledge and that the informant is credible. *State v. Jones,* 706 P.2d 317, 321 (Alaska 1985). Great deference is given to a district court judge's determination of probable cause. The focus on appeal is whether information was presented to the district court judge from which the judge could make a detached and independent determination of probable cause. *See State v. Jones,* 706 P.2d at 326; *Clark v. State,* 704 P.2d 799, 805 (Alaska App.1985).

■ The informant in this case confessed to committing ten burglaries. In addition, he identified seven locations in Anchorage where property stolen in the burglaries had been fenced. Elerson's home was one of the places identified. A statement against penal interest can, in certain circumstances, suffice to support a finding of probable cause. "What is needed is a showing that 'the informant's statements against his own penal interest were closely related to the criminal activity' for which probable cause to arrest or search is being established...." 1 W. LaFave, *Search and Seizure* § 3.3(c) at 531 (1978). Once the appropriate nexus has been established, the next "fundamental question is whether the informant would have perceived his remarks as highly incriminating." *Id.* There is clearly a sufficient nexus between the informant's statement and the charges filed against Elerson. Additionally, it is not disputed that the infor-

mant knew his remarks were incriminating. In fact, the informant in this case was arrested and charged with the offenses to which he had confessed. We find that the informant's statement is credible as a statement against penal interest.[1]

■ The credibility of an informant can also be established through "independent police corroboration of detailed facts in the informant's story." *State v. Jones,* 706 P.2d at 325 (citations omitted). Verification of incriminating facts is not required. *Schmid v. State,* 615 P.2d 565, 577 (Alaska 1980). "[T]he risk that the informant is lying need not be wholly eliminated. Rather, what is needed is that the 'probability of a lying or inaccurate informer has been sufficiently reduced by corroborative facts and observations.'" 1 W. LaFave, *supra* § 3.3(f) 556–57 (1978).

In the present case, the details of the informant's confession were consistent with police reports regarding the burglaries. The items he confessed to stealing matched those reported stolen by the victims. The informant identified seven homes in the Anchorage area where, with the help of two individuals, he had either sold (for cash) or traded (for cocaine) the stolen property. He was able to tell the police the specific items that had been fenced at each location. In addition, he was able to identify specific apartments by their location in particular buildings, if not by their exact addresses.

The police, through investigative efforts, were able to corroborate the informant's statements with respect to two of the homes where property was fenced. Al-

1. Elerson mistakenly relies on *Clark v. State,* 704 P.2d 799 (Alaska App.1985), to argue that because the informant had a prior criminal record, his statements should not be afforded the presumption of credibility given to statements of private citizens. However, the present case is easily distinguished from *Clark.* In *Clark,* it was unclear that the informant had violated the law; thus there was no potential for punishment. It is the potential for punishment which gives the statement against penal interest its reliability. Next, the magistrate in *Clark* had not been told that the informant was a proba-

tioner. Lastly, the relationship developing between the police and the informant was characterized as that of a "protected police stool pigeon." *Id.* at 805.

These conditions are absent in Elerson's case. The activities to which the informant confessed are clearly in violation of the law. Both the informant's name and his involvement in the burglaries and the fencing of stolen property were revealed to the judge at the probable cause hearing. No promises or concessions were made to the informant in exchange for his cooperation.

though there was no specific corroboration with respect to Elerson's home, there was sufficient verification of the informant's statement as a whole to reduce the probability that he was lying. Since it is undisputed that the informant purported to supply the police with information based on his own personal knowledge, we conclude that both prongs of the *Aguilar/Spinelli* test have been met and that the search warrant was validly issued.

■ Elerson next contends that he was prejudiced by improper joinder of counts I–V (felon in possession) with counts VI–X (theft by receiving). Joinder of counts against a single defendant is proper if any one of the three tests set forth in Alaska Criminal Rule 8(a) is satisfied. *Montes v. State*, 669 P.2d 961, 964 (Alaska App.1983). Rule 8(a) provides:

> *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Because the weapons that were the subject of the theft by receiving charges were also the subject of the felon in possession charges, the counts against Elerson stemmed from the same act or transaction. Thus, the initial joinder of these offenses was proper under the rule.

■ Even where joinder is proper, however, severance may be required under Alaska Criminal Rule 14 if the defense is unduly prejudiced. *See Nell v. State*, 642 P.2d 1361, 1363 (Alaska App.1983). Alaska Criminal Rule 14 provides, in relevant part:

> *Relief from Prejudicial Joinder.* If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

■ In Elerson's case, the potential for prejudice stems from the admission into evidence of his prior felony conviction. Elerson stipulated that he had been convicted of a felony in Wisconsin, and the trial court so instructed the jury. His prior conviction, admissible as an element of the felon in possession charges, would have been inadmissible in a separate trial on the charges of theft by receiving. A.R.E. 404(b) and 609(a)–(c). Elerson's motion to sever squarely raised this potential for prejudice. Although it might have been possible for the trial court, without granting a severance to avoid this prejudice by conducting a bifurcated trial on the joined charges, *see Wortham v. State*, 689 P.2d 1133, 1138–39 at n. 4 (Alaska App.1984), the trial court denied Elerson's severance motion without pursuing the alternative of bifurcation. Thus, in considering Elerson's guilt on the theft by receiving charges, the jury was aware of his prior conviction. Since the prior conviction would not have been admissible against Elerson in a separate trial on the theft charges, we conclude that it was error to deny severance of those charges. *See Stevens v. State*, 582 P.2d 621, 629 (Alaska 1978); *Nell v. State*, 642 P.2d 1361, 1363–64 (Alaska App.1982).

■ Because the prior conviction was clearly admissible on the felon in possession charges, however, and because Elerson never requested a bifurcated trial on those charges, Elerson has suffered prejudice only as to the counts alleging theft by receiving.[2] Thus, we conclude that he is only entitled to reversal on counts VI–X.[3]

---

2. *Mead v. State*, 445 P.2d 229, 234 (Alaska 1968) (reversal not necessary where defendant stipulated to existence of prior conviction and jury not informed of nature of prior conviction).

3. Elerson also argues that he is entitled to a reversal because the joinder of the counts against him precluded him from testifying on his own behalf regarding the charges of theft by receiving. This issue is controlled by *Cleveland v. State*, 538 P.2d 1006 (Alaska 1975). In *Cleve-*

*See Nix v. State,* 653 P.2d 1093 (Alaska App.1982); *People v. Peterson,* 633 P.2d 1088 (Colo.App.1981), *rev'd on other grounds, People v. Peterson,* 656 P.2d 1301 (Colo.1983) (citing *People v. Fullerton,* 186 Colo. 97, 525 P.2d 1166 (1974)).

 Elerson's last claim is that the trial court erred in instructing the jury on the applicable mental state for theft by receiving. Judge Buckalew instructed the jury that, in order to be convicted, Elerson was required to have recklessly disregarded that the property he possessed was stolen. Elerson contends that an actual awareness of the stolen nature of the property was required. Elerson's argument lacks merit.

Since the trial court instructed the jury that recklessness is the requisite mental state, and since it appropriately defined recklessness, no error was committed. *Andrew v. State,* 653 P.2d 1063 (Alaska App. 1982).

The convictions on counts I–V are AFFIRMED; the convictions on counts VI–X are REVERSED.

*land,* the supreme court stated that, "[I]n order for a defendant to be granted a severance, he must make a 'convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.' " *Id.* at 1008, *citing Baker v. U.S.,* 401 F.2d 958, 977 (D.C.Cir.1968). Elerson did not address this issue at all in his pretrial memorandum and mentioned it only vaguely at the omnibus hearing, indicating merely that in the event he wanted to testify, his ability to do so was compromised. He has failed to meet the *Cleveland* test. On appeal, Elerson alternatively argues that establishing a record sufficient to meet the *Cleveland* test would have prejudiced him. We reject this argument.