23CA0732 Peo v Yribia 03-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0732
El Paso County District Court No. 21CR6381
Honorable Frances R. Johnson, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Robert Aloysuis Yribia,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Lum and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

Michael J. Allen, District Attorney, Doyle Baker, Senior Deputy District
Attorney, Ruben Dufour, Deputy District Attorney, Colorado Springs, Colorado,
for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Chloe Sovinee-Dyroff, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     The District Attorney for the Fourth Judicial District appeals the district court's order granting Robert Aloysuis Yribia's motion for a new trial. We reverse the court's order and remand the case for further proceedings consistent with this opinion.

## I.     Background

¶ 2     After a bifurcated trial, a jury found Yribia guilty of felony driving while ability impaired (DWAI) as a fourth or subsequent offense, a lesser included offense of driving under the influence (DUI). The jury also returned a guilty verdict for the traffic offense of changing lanes.

¶ 3     Before sentencing, defense counsel filed a motion for a new trial under Crim. P. 33(a). The prosecution responded. Neither the motion nor the response raised an issue concerning the bifurcation of Yribia's trial. The district court denied the motion in a written order, rejecting Yribia's contentions. However, the court noted that, based on the then-recent decision in *People v. Kembel*, 2023 CO 5, it "believe[d] that a new trial [was] required" because it "did not have authority to bifurcate the prior convictions from the most recent DUI charge."

¶ 4      The district court set the matter for a hearing at which the prosecution argued, among other things, that because Yribia asked for bifurcation, he waived "any resulting errors." The court disagreed and granted Yribia's motion for a new trial. The court found that although defense counsel had requested the bifurcated trial, *Kembel* dictated that the court lacked authority to grant the bifurcation in the first place. As a result, the court concluded, the trial was "void from the beginning" and "that means we have to have a new trial."

## II. Discussion

¶ 5      The prosecution contends that the district court abused its discretion when it granted Yribia a new trial. We agree.

### A. Standard of Review

¶ 6      We review a district court's decision to grant a new trial for an abuse of discretion. *People v. Gee*, 2015 COA 151, ¶ 72. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or if its decision is based on an erroneous understanding or application of the law. *People v. Harris*, 2016 COA 159, ¶ 74.

## B.    Authority and Jurisdiction

¶ 7    In *Kembel*, our supreme court clarified the law on the bifurcation of elements of an offense, holding that "a trial court may not bifurcate the elements of the offense of felony DUI (or of any offense) during a jury trial." *Kembel*, ¶ 4.  The court explained that "while Crim. P. 14 allows for severance of *counts or defendants*, it does not authorize the bifurcation of *elements* of an individual offense charged."  *Id.* at ¶ 38.

¶ 8    The district court found that, based on *Kembel*, it "did not have authority to grant the motion to bifurcate," and therefore the trial was "void from the beginning."  It is not entirely clear whether the court believed it lacked *authority* to bifurcate the trial or lacked *jurisdiction* to do so, as its reference to voidness muddies the issue.  Such confusion is not uncommon, *see Minto v. Lambert*, 870 P.2d 572, 575 (Colo. App. 1993) ("[T]here has been confusion about subject matter jurisdiction because of a blurring of the distinction between the appropriate exercise of power and the absence of power."), but based on our reading of *Kembel*, if the district court deemed its bifurcation order void because it was without jurisdiction, as opposed to authority, it was incorrect.

¶ 9    To say that a court lacks authority to act does not necessarily mean that a court lacks jurisdiction. *See People v. Babcock*, 2023 COA 49, ¶10 (discussing the distinction between a court's "authority" and its "jurisdiction") (*cert. granted* Apr. 8, 2024).

¶ 10    In *Kembel*, the supreme court noted a distinction between the two terms and held that a district court lacks "authority" to bifurcate the elements of an offense. *Kembel*, ¶ 24. It found support for its holding in *People v. Fullerton*, 525 P.2d 1166 (Colo. 1974). In *Fullerton*, the court held that the district court's order granting a bifurcated trial on a possession of a weapon by a previous offender charge "was in excess of its jurisdiction" because the bifurcated evidence of the defendant's prior convictions was "not merely relevant to punishment, but was an element of the crime charged." *Id.* at 1168. In *Kembel*, however, the court clarified that while it used the term "jurisdiction" in *Fullerton*, what it meant to convey was that "[g]ranting Fullerton's motion for bifurcation exceeded the trial court's *authority*." *Kembel*, ¶ 39 n.10 (emphasis added).

¶ 11    In light of *Kembel*'s clarification that a court's bifurcation of elements of an offense is a question of authority — rather than

4

jurisdiction — any error in doing so is an error of law, reversible on appeal. But it is not jurisdictional. The distinction matters: Actions taken by a court without jurisdiction cannot be waived or consented to by the parties, but nonjurisdictional errors can. *People v. Sprinkle*, 2021 CO 60, ¶ 17.

¶ 12    So, because the district court's bifurcation order was done in excess of its authority, and not its jurisdiction, the court's conclusion that it had no choice but to order a new trial was a misapprehension of the discretion available to it under Crim. P. 33(a) and therefore an abuse of discretion. Thus, we turn next to the prosecution's contention that Yribia waived his claimed right to be tried in a single proceeding by requesting the bifurcation in the first place.[1]

### C.    Waiver or Invited Error

¶ 13    The People contend that Yribia waived his right to argue that he was entitled to a new trial based on *Kembel*, while Yribia argues the contrary. We agree with the result that the People seek, but do so under the doctrine of invited error, which we think better applies

---

[1] Because the parties do not dispute it, we assume without deciding that Yribia had a right to be tried in a single proceeding.

to the circumstances here. *See Forgette v. People*, 2023 CO 4, ¶ 15 (Appellate courts have "an independent, affirmative duty to determine whether a claim is preserved and what standard of review should apply, regardless of the positions taken by the parties." (quoting *People v. Tallent*, 2021 CO 68, ¶ 11)).

### 1. Standard of Review

¶ 14    Whether the invited error doctrine applies is a question of law that we review de novo. *People v. Becker*, 2014 COA 36, ¶ 21.

### 2. Analysis

¶ 15    Waiver is "the intentional relinquishment of a known right or privilege." *People v. Rediger*, 2018 CO 32, ¶ 39 (citation omitted). Under the related doctrine of invited error, when a party invites or injects error into a case, they must abide by the consequences of their acts. *Id.* at ¶ 34. The invited error doctrine, therefore, prevents a party from taking a position on appeal that is inconsistent with the position they initially took. *People v. Garcia*, 2018 COA 180, ¶ 7.

¶ 16    The doctrine of invited error applies to errors in trial strategy, not errors resulting from oversight. *Rediger*, ¶ 34. And while invited error is often described as "strategic error," the "strategy"

need not be competent or well planned, but it must be deliberate. *People v. Tee*, 2018 COA 84, ¶ 39. "Like waiver, invited error bars relief on direct appeal." *Id.* at ¶ 27.

¶ 17　　Crim. P. 14 addresses the relief a district court may grant when it appears that a party will be "prejudiced by a joinder of offenses." *Kembel*, ¶ 38. In furtherance of the district court's duty to safeguard the rights of the accused and to ensure a fair trial, the court "has broad discretion under Crim. P. 14 to order a separate trial of counts when their joinder would result in prejudice." *Fullerton*, 525 P.2d at 1168. Indeed, procedural safeguards permitted under Crim. P. 14, such as separate trials or a bifurcated procedure, are available to the accused to ensure a fair trial. Thus, where defendants invoke such procedures as a tactical choice, they necessarily invite any claim of error stemming from that choice. *See People v. Rowerdink*, 756 P.2d 986, 992-93 (Colo. 1988) ("The defendant, by requesting joinder of the charges, created the opportunity for the alleged error and prejudice of which he now complains.").

¶ 18　　The record confirms that Yribia requested a bifurcated trial on the original charge of felony DUI. The district court found — on

7

more than one occasion and without objection — that "[i]t was the Defense who requested [bifurcation], and the People did not object." And despite Yribia's assertion on appeal to the contrary, he points to no evidence that undermines this finding. *See* C.A.R. 28(a)(7)(B) (requiring, among other things, citations to parts of the record on which appellant relies); C.A.R. 28(b) (imposing the same requirements on the appellee). Nor does he provide his own designation of transcripts in support of his claim. *See* C.A.R. 10(d)(3) (noting the appellee may file with the appellate court its own designation of transcripts if the appellee deems additional transcripts or parts thereof necessary). Because Yribia did not object to the court's finding and does not point to any contrary evidence in the record, we defer to it. *See Casillas v. People,* 2018 CO 78M, ¶ 18 (appellate courts defer to a district court's factual findings when they are supported by the record); *see also People v. Ray,* 2012 COA 32, ¶ 9 (appellate courts "defer to a trial court's resolution of disputed facts in correcting the record").

¶ 19    Yribia made a deliberate, strategic request to the district court to bifurcate the prior conviction element from his felony DUI charge to avoid the prejudicial effect inherent in having the jury exposed to

8

his prior convictions.  *See Kembel*, ¶¶ 36, 52 (recognizing the potential prejudice to the accused in unitary trial where an element of the offense contains evidence of a prior conviction).  And while the court erred in granting this request, Yribia is not permitted to take advantage of an error that he himself invited the district court to make.  Accordingly, we conclude that the doctrine of invited error bars Yribia's request for a new trial.

## III.    Disposition

¶ 20    Although the district court erred in bifurcating Yribia's trial, any claim of error related to the bifurcation was invited when Yribia requested a bifurcated trial.  Thus, the district court abused its discretion by granting Yribia's motion for a new trial.  We therefore reverse the court's order and remand the case for entry of conviction and sentencing.

JUDGE LUM and JUDGE TAUBMAN concur.