The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

George Randall FOUNDS, Defendant-Appellant.

No. 80CA0904.

Colorado Court of Appeals, Div. III.

April 9, 1981.

Rehearing Denied April 23, 1981.

Certiorari Denied July 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant was convicted by a jury of criminal mischief in violation of § 18–4–501, C.R.S.1973 (1978 Repl.Vol. 8). His sole contention on appeal is that the court erroneously instructed the jury concerning the elements of that offense. We affirm.

The statute in question defines criminal mischief in pertinent part, as follows:

"Any person who *knowingly* damages the real or personal property of one or more other persons in the course of a single criminal episode . . . ." (emphasis added)

At the conclusion of all the evidence, the court instructed the jury as to the elements of criminal mischief and as to the requirement of a culpable mental state for conviction of criminal conduct. The instruction defining the elements of the offense stated in pertinent part as follows:

"A person commits the crime of criminal mischief if: He *intentionally* damages the real property of one or more other persons in the course of a single criminal episode . . . . The elements of criminal mischief are therefore: (1) *intentionally* damaging the real property of one or more other persons . . . ." (emphasis added)

The instruction defining culpable mental state provided in pertinent part as follows:

"To constitute a crime there must be the joint operation of an act forbidden by law and a culpable mental state of the Defendant. A culpable mental state means 'knowingly' as the term is explained in this instruction.

"The culpable mental state is just as much an element of the crime as the act. The culpable mental state must be proven beyond a reasonable doubt as a matter of fact either by direct or circumstantial evidence. The culpable mental state may be manifested by the circumstances connected with the perpetration of the offense and the sound mind and discression [sic] of the Defendant. The commission of the act alone does not warrant the presumption that the Defendant had the requisite culpable mental state.

"An offense in which the mental culpability requirement is expressed as 'knowingly' is a general intent crime. A person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstances exists [sic]. A person acts 'knowingly' with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result."

Defendant did not object to either of these instructions at trial or in his motion for new trial.

Only grounds previously specified as error to the trial court may be considered on review, unless the alleged error may be deemed "plain error" within the meaning of Crim.P. 52(b). Crim.P. 30; *People v. Brionez*, 39 Colo.App. 396, 570 P.2d 1296 (1977). As the People concede, the trial court here erred in instructing the jury that intentional conduct was a requisite mental state for criminal mischief. Nor did the trial court define the term "intentionally." However, such error was not prejudicial to defendant.

The jury was instructed that it was to consider and follow all the instructions, and we must presume that it followed this instruction. Also, the jury was instructed

correctly that the culpable mental state necessary for conviction of the defendant was "knowing" conduct. Hence, unlike the circumstances present in *People v. Hardin*, Colo., 607 P.2d 1291 (1980), and *People v. Marmolejo* (No. 79CA0320, March 13, 1980) (not selected for official publication), the jury here was provided with an instruction correctly defining the *mens rea* required for the offense in question. In concluding that defendant was guilty, the jury necessarily concluded that he had acted knowingly.

Moreover, intentional conduct represents a higher degree of culpability than the culpable mental state of "knowing" conduct. Section 18–1–501, C.R.S.1973 (1978 Repl. Vol. 8); *see People v. Washburn*, 197 Colo. 419, 593 P.2d 962 (1979). Thus, the erroneous description of the *mens rea* element of criminal mischief benefited rather than harmed defendant, and its inclusion in the jury instructions does not constitute plain error within the meaning of Crim.P. 52(b). *See Early v. People*, 178 Colo. 167, 496 P.2d 1021 (1972).

Judgment affirmed.

BERMAN and KELLY, JJ., concur.