The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Bernard Ray CLARK,** Defendant-Appellant.

**No. 81CA0504.**

Colorado Court of Appeals, Div. III.

Dec. 23, 1982.

Rehearing Denied Jan. 20, 1983.

Certiorari Denied May 9, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Bernard Ray Clark was convicted of attempted second-degree murder, § 18–3–103, C.R.S.1973 (1978 Repl.Vol. 8), second-degree kidnapping, § 18–3–302, C.R.S.1973 (1978 Repl.Vol. 8), first-degree sexual assault, § 18–3–402, C.R.S.1973 (1978 Repl.Vol. 8), and was found to be an habitual criminal. He here contends, among other things, that the trial court, in its instructions, erroneously failed to include the culpable mental state "knowingly" as an element of the offense of second degree kidnapping. He also asserts that he was prejudiced by the failure of the trial court properly to define "knowingly" as the mental state necessary to the three offenses of which he was convicted. Since these alleged errors were not preserved for appellate review, the defendant urges that they be noticed as plain error. *See* Crim.P. 52(b); *People v. Founds,* 631 P.2d 1166 (Colo.App.1981). We reverse the conviction for second-degree kidnapping, and affirm the convictions for attempted second-degree murder and first-degree sexual assault.

The facts underlying these convictions are not the subject of dispute on appeal. In the late afternoon of June 6, 1979, as the victim was entering her car in a shopping center parking lot, she was accosted by a man whom she later identified as the defendant. He put his hand over her mouth and a knife to her throat, directing her to move into the passenger seat of her car. She complied with this demand. The defendant then drove the car from the parking lot and ultimately into another parking lot some distance away. There, he instructed the victim to get into the back seat and remove her clothing. He followed her to the back seat. She was forced to perform an act of fellatio and then to submit to sexual intercourse with him. After tying her hands, the defendant attempted to strangle the victim with her pantyhose. He abandoned this course of action, however, and got into the front seat and drove out of the parking lot to a nearby park. He left the victim in the car from which she was later rescued by passersby.

We agree with the defendant's argument that the trial court's failure to include the element of "knowingly" in the second-degree kidnapping instruction was plain error. The requirement that a defendant act knowingly is an essential element of the crime of second-degree kidnapping. *People v. Vigil,* 43 Colo.App. 121, 602 P.2d 884 (1979); § 18–3–302(1), C.R.S.1973 (1978 Repl.Vol. 8). Since the jury was, by this omission, allowed to find the defendant guilty of second-degree kidnapping without necessarily finding the requisite culpable mental state, the deficiency constitutes plain error. *People v. Hardin,* 199 Colo. 229, 607 P.2d 1291 (1980).

It does not follow, however, that the failure of the trial court to include both

factors of the mental culpability requirement of "knowingly" in its definitional instructions was also plain error. *See People v. Founds, supra.* Section 18–1–501(6), C.R.S.1973 (1978 Repl.Vol. 8), provides:

"A person acts 'knowingly' . . . with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such a nature or that such circumstance exists. A person acts 'knowingly' . . . with respect to a result of his conduct, when he is aware his conduct is practically certain to cause the result."

The trial court instructed only that "[a] person acts 'knowingly' with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result." Thus, this case presents the converse of the problem addressed in *People v. Curtis,* 627 P.2d 734 (Colo.1981), on which the defendant relies. However, the same result does not pertain.

In *Curtis,* the Supreme Court reversed the conviction because the jury instruction defined "knowingly" with respect to conduct and circumstance, but not with respect to result. No substantial rights of the defendant were seriously affected by the omission of the conduct-and-circumstance factor of "knowingly" from the instruction. The instruction given referred to both conduct and result, and if one is aware that his conduct will achieve a certain result, then of necessity he must also be aware of that conduct. Since the jury could neither have been misled nor confused by the omission of the conduct-and-circumstance factor, there is no reasonable possibility that the defect contributed to the defendant's convictions. *People v. Mills,* 192 Colo. 260, 557 P.2d 1192 (1976).

The defendant's remaining assignments of error relate to matters which may again arise on retrial. We conclude, nevertheless, that the arguments are without merit.

We regard *People v. Beasley,* 43 Colo. App. 488, 608 P.2d 835 (1979) as dispositive of the contention that the trial court erred

in the sanity trial in admitting alleged hearsay testimony under the exception in Colorado Rules of Evidence 803(18). Neither did the trial court err in admitting the shoes worn by the defendant at the time of his arrest. The evidence was relevant, *People v. Bynum,* 192 Colo. 60, 556 P.2d 469 (1976), and the weight to be accorded the evidence was for the jury. *People v. Penno,* 188 Colo. 307, 534 P.2d 795 (1975).

The judgments of conviction of attempted second-degree murder and first-degree sexual assault are affirmed, and the judgment of conviction and sentence of the defendant as an habitual criminal is also affirmed. The judgment of conviction of second-degree kidnapping is reversed, and the cause is remanded for a new trial on this count.

VAN CISE and KIRSHBAUM, JJ., concur.