The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Quintin Keith WORTHAM,
Defendant-Appellant.

No. 82CA1379.

Colorado Court of Appeals,
Div. I.

March 22, 1984.

Rehearing Denied April 26, 1984.

Certiorari Denied Nov. 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Quintin Keith Wortham, appeals the judgment of conviction on two counts of first-degree criminal trespass entered upon jury verdicts. On appeal, defendant claims that the trial court erred in denying his motion to sever the counts for separate trial, in admitting testimony concerning the wording on a rental sign, in instructing the jury on the culpable mental state required for conviction on the trespass charges, and in failing to ascertain on the record whether defendant wished to waive his right to testify. We affirm.

On May 29, 1982, at approximately 4:00 p.m., defendant was discovered by Randall Schneider walking from the living room of Schneider's apartment into a hall which led to the bedroom. When Schneider asked defendant what he was doing, defendant replied, "Colonel Krieger told me to come here to talk to him about a job." The first floor of the house, which was owned by Don Krieger, had been used by Krieger as his real estate office. However, knowing that Krieger had relocated his office that day, Schneider became suspicious and reported the incident to the Greeley Police Department.

At approximately 5:00 p.m. that day, Elizabeth Berger heard the front door of the house which she rented open. The house was located about four blocks from the Krieger house. Because Berger was not expecting anyone, she walked to the entrance area to ascertain who was there. Defendant, a stranger, was quietly closing the door behind him. When he saw Berger, he stated that he was looking for an apartment. She told him that the room available in the house was for women only and, in response to his query, that other apartments were available down the street. Defendant left. Berger followed him for a short distance, returned to her house, and notified the police of the incident. Defendant was apprehended shortly thereafter.

I.

Defendant first contends that the two counts of trespass were unrelated and should have been severed for trial pursuant to Crim.P. 14. We disagree.

The trial court is vested with broad discretion in ruling on a motion for severance of counts, and its ruling will not be disturbed on review absent an abuse of discretion. *People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977). In determining whether to sever the counts, the trial court must focus on the complexity of the evidence and legal theories relating to each offense. *People v. Pickett, supra; see People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366 (1979); 2 *ABA, Standards for Criminal Justice, Standard* 13–3.1 (2d ed. 1982). In addition, the trial court may refer to Crim.P. 8 for guidance. *People v. Gonzales, supra.* Under Crim.P. 8(a), it is unnecessary that the offenses be related by an underlying unity of purpose or scheme; they need only be committed within the same period of time, at or near the same location. *Corr v. District Court,* 661 P.2d 668 (Colo.1983); *see People v. Walker,* 189 Colo. 545, 542 P.2d 1283 (1975).

■ Here, the offenses were committed between 4:00 p.m. and 5:00 p.m. within a four block area. The legal theories propounded by both the defense and the prosecution as to each count were identical, the facts relating to each were not complex, and the jury was instructed to consider separately the evidence applicable to each count. Under these circumstances, there was no abuse of discretion.

## II.

Defendant also asserts that testimony concerning a "For Rent" sign which was affixed to Berger's residence was admitted into evidence in violation of CRE 1001 and 1002. Again, we disagree.

■ CRE 1002 requires that the contents of a writing be proven by the original writing. However, where the disputed evidence is both a chattel and a writing, the trial court has wide discretion in determining whether to require production of the original. *United States v. Duffy,* 454 F.2d 809 (5th Cir.1972); *People v. Mastin,* 115 Cal.App.3d 978, 171 Cal.Rptr. 780 (1981); *see also* 4 *J. Wigmore, Evidence* § 1182 (Chadbourn rev. 1972); 5 *J. Weinstein & M. Berger, Weinstein's Evidence* §§ 1001(1)[01] and 1002[03] (1983). In exercising this discretion, the trial court should consider the complexity of the writing, the danger of mistransmission of its contents, the difficulty of producing the original, and whether a bona fide dispute exists as to its contents. *United States v. Duffy, supra; People v. Mastin, supra; McCormick on Evidence* § 232 (E. Cleary 2d ed. 1972).

■ Berger testified that the "For Rent" sign was purchased at a store and that she had added the words "female," "nonsmoker," and "inexpensive," as well as a phone number, to the bottom portion. The police officer, whose testimony corroborated Berger's as to the contents of the sign, testified that it was posted to the right of her front door.

Defendant objected to their testimony as violative of CRE 1002; however, he did not contend that their testimony was inaccurate with respect to the contents of the sign. The writing was not complex. And, there was little danger that the witnesses would inaccurately remember the terms of the inscribed chattel. Under these circumstances, the trial court did not abuse its discretion by admitting the testimony.

## III.

Asserting plain error, defendant contends that the jury instructions were defective because the conduct and circumstance factor was omitted from the definitional instruction of "knowingly," the culpable mental state of "knowingly" was not specifically applied to the element of "unlawfully," and the term "unlawfully" was not defined for the jury. We disagree.

First-degree criminal trespass is defined in § 18–4–502, C.R.S. (1978 Repl.Vol. 8) as follows:

"A person commits the crime of first-degree criminal trespass if he knowingly and unlawfully enters or remains in a dwelling . . . ."

■ With respect to defendant's first claim of error, the jury was instructed that "a person acts knowingly with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result." Where, as here, the result factor is properly submitted to the jury, the omission of the conduct-and-circumstance factor from the definitional instruction of knowingly can neither mislead nor confuse the jury. *People v. Clark,* 662 P.2d 1100 (Colo.App.1983). Therefore, the omission did not contribute to defendant's conviction and does not constitute plain error. *People v. Clark, supra.*

■ With respect to defendant's second and third claims, the instruction on trespass was given to the jury in the statutory language, and the instructions as a whole were sufficient to inform the jury adequately of the law on these issues. *See People v. Saiz,* 660 P.2d 2 (Colo.App.1982); *People v. Gresham,* 647 P.2d 243 (Colo. App.1982). Because defendant did not request or tender a proposed definitional instruction for the term "unlawfully," and the instructions as a whole adequately apprised the jury of the offenses charged, as

well as the defenses asserted, we conclude that the failure to instruct on this definition does not rise to the level of plain error. *See People v. Major,* 179 Colo. 204, 499 P.2d 1200 (1972).

## IV.

 Again on the basis of plain error, defendant asserts that the trial court's failure to ascertain on the record the reasons for his waiver of the right to testify constitutes reversible error. We do not agree.

*People v. Ullerich,* 680 P.2d 1306 (Colo. App.1983), is dispositive. There it was held that where a defendant did not raise this issue in his motion for new trial and did not allege or present evidence that the waiver was not knowing, intelligent, or voluntary, an appellate court could not speculate as to the reasons underlying the defendant's failure to testify, and the trial court's failure to ascertain the same does not constitute plain error.

The judgment of conviction entered upon the jury verdicts is affirmed.

PIERCE and TURSI, JJ., concur.