Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 17**

**No. 17SC120, *Johnson v. People*—Jury Instructions—Reasonable Doubt—Burden of Proof—Due Process.**

In this case, the supreme court considers whether the trial court's jury instruction defining "hesitate to act" lowered the prosecution's burden of proof in violation of due process.  The supreme court holds that the instruction did not lower the prosecution's burden of proof in violation of due process.  Because the instruction was nonsensical, given only once during voir dire, not referenced by either party at any time, and flanked by the proper instruction regarding the burden of proof at the beginning and end of trial, there is not a reasonable likelihood that the jury understood the instruction and applied it in a manner that lowered the prosecution's burden.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2019 CO 17**

**Supreme Court Case No. 17SC120**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA71

**Petitioner:**

Crystal Lynn Johnson,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
March 11, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
John Plimpton, Deputy Public Defender
   *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Carmen Moraleda, Assistant Attorney General
   *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 In this appeal, we consider whether the court of appeals erred when it held that the trial court's extraneous jury instruction concerning reasonable doubt did not unconstitutionally lower the prosecution's burden of proof. During voir dire, after giving the standard definition of reasonable doubt, the trial court described how hesitating to act relates to having a reasonable doubt. While the trial court's extraneous "hesitate to act" instruction was improper, there is not a reasonable likelihood that it prejudiced the defendant. The instruction was nonsensical, given only once during voir dire, not referenced by either party at any time, and flanked by the proper instruction regarding the burden of proof at the beginning and end of the trial. Therefore, we hold that the instruction did not lower the prosecution's burden of proof in violation of due process, and we affirm the judgment of the court of appeals.

## I. Facts and Procedural History

¶2 After observing Crystal Johnson conduct an apparent drug transaction, police officers followed her vehicle and initiated a traffic stop. Officers searched Johnson's vehicle and seized methamphetamine and a digital scale. Her four-year-old daughter was in the car at the time. Johnson was then arrested and charged with possession of more than two grams of methamphetamine, possession with intent to distribute, possession of drug paraphernalia, and child abuse.

¶3 Prior to jury selection, the court asked the parties if they had any matters to discuss. After discussing other preliminary matters, defense counsel, based on previous experience before this same judge, requested "that the Court not explain hesitancy to act as a person cannot possibly find the Defendant not guilty." Following a brief exchange

2

between the court and defense counsel, the court denied the request. After the court and the parties finished discussing the preliminary matters, the court brought out the potential jurors to begin jury selection.

¶4 During jury selection, the court read several instructions, which it framed as six "bedrock" principles of the American criminal justice system. One of those instructions was the pattern instruction for proof beyond a reasonable doubt. Specifically, the court stated that a reasonable doubt is "a doubt that is not vague, speculative, or imaginary, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves." Then, the court elaborated on what the phrase "hesitate to act" means:

> I've heard some lawyers say, "Well if you get back in the jury room and you can't come to an immediate decision you have hesitated to act." Well, that's just not true . . . . [H]esitate to act doesn't mean if you get back in the jury room and you don't come to an instantaneous verdict that you have hesitated to act. Instead what it means is that after you evaluate all the evidence and you evaluate whether or not any doubts are reasonable or not, and you talk to everybody else, and you think about it, and you deliberate, you would find Ms. Johnson guilty only if, after hearing all of that evidence, you just can't bring yourself to do it. You just have to hesitate. It's not there. You can't find her guilty because the quality or quantity of evidence just doesn't let you. That's when you've hesitated to act.

After jury selection, Johnson stood trial for three days. At the conclusion of the trial, the court provided the jury with the pattern reasonable doubt instruction, both verbally and in writing. The court did not reference its "hesitate to act" instruction again, nor did the attorneys. The jury found Johnson guilty on all three drug charges and not guilty on the child abuse charge.

¶5    Johnson appealed her conviction. As relevant here, she argued that the court's "hesitate to act" instruction lowered the prosecution's burden of proof in violation of due process. The court of appeals disagreed with Johnson in a split decision. *People v. Johnson*, No. 14CA0071 (Colo. App. Jan. 26, 2017). Although the majority described the trial court's "hesitate to act" instruction as "confusing" and "nonsensical," it ultimately held that, because the instruction was given only once and was "flanked by the proper reasonable doubt jury instruction," there was not a reasonable likelihood that the jury understood and applied the "hesitate to act" definition in a manner that lowered the prosecution's burden. *Id.* at ¶¶ 12–13, 15.

¶6    Judge Ashby dissented. She reasoned that the trial court's "hesitate to act" instruction unconstitutionally lowered the prosecution's burden for four reasons: (1) the trial court instructed "the jury to find Johnson guilty if the evidence was unconvincing enough to make the jury hesitate"; (2) the trial court "defined hesitating to act as being unable to act"; (3) the instruction "restricted the circumstances under which the jury could find Johnson not guilty to those in which the evidence did not permit a finding of guilt"; and (4) the instruction was the only time that "hesitate to act" was defined, "[a]nd appellate courts must presume that the jury followed all of the trial court's instructions." *Id.* at ¶¶ 31–35. After determining that the trial court erred in giving the "hesitate to act" instruction, Judge Ashby asserted that the error was structural and necessitated automatic reversal. *Id.* at ¶ 43.

4

¶7    We granted certiorari to determine whether the trial court's definition of "hesitate to act" lowered the prosecution's burden of proof in violation of due process.[1]  We now hold that the instruction did not lower the prosecution's burden of proof in violation of due process, and we affirm the decision of the court of appeals.

## II.  Standard of Review

¶8    We review de novo the question of whether jury instructions accurately informed the jury of the law.  *People v. Waller*, 2016 COA 115, ¶ 55, 412 P.3d 866, 877.  An instruction that lowers the prosecution's burden of proof below reasonable doubt constitutes structural error and requires automatic reversal.  *Sullivan v. Louisiana*, 508 U.S. 275, 281–82 (1993).

## III.  Analysis

¶9    We must determine whether the trial court's "hesitate to act" instruction lowered the prosecution's burden of proof in violation of due process.  To make this determination, we first look to the reasonable doubt standard and its attendant due process considerations.  Then, we examine the law on ambiguous jury instructions.  Finally, we conclude that the "hesitate to act" instruction was too isolated and nonsensical to have created a reasonable likelihood that the jury understood and applied

---

[1] We granted certiorari to review the following issue:

    1. Whether the trial court's definitions of hesitation to act lowered the prosecution's burden of proof in violation of due process.

the instruction, and we therefore hold that the instruction did not lower the prosecution's burden in violation of due process.

## A. Reasonable Doubt

¶10 In criminal cases, the prosecution is required to "prove every factual element necessary to constitute the crime charged beyond a reasonable doubt." *Vega v. People*, 893 P.2d 107, 111 (Colo. 1995). This requirement "dates at least from our early years as a Nation" and is nothing short of "indispensable." *In re Winship*, 397 U.S. 358, 361, 364 (1970). The U.S. Supreme Court has held that the Due Process Clause mandates the universal application of the reasonable doubt standard in criminal prosecutions. *See id.* at 364 ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). While the standard's application is universally mandated, courts retain some flexibility in defining what constitutes a reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) ("[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt . . . the Constitution does not require that any particular form of words be used . . . .").

¶11 Courts have instructed juries on the reasonable doubt standard dating back as early as 1827. *See Henderson v. Poindexter's Lessee*, 25 U.S. 530, 533 (1827) ("[I]f, on the whole matter, the jury should have a reasonable doubt, then their verdict should be for the defendant."). In *Commonwealth v. Webster*, 59 Mass. 295 (1850), the Supreme Judicial Court of Massachusetts arguably presented the first widely accepted definition of reasonable doubt in criminal cases. *Victor*, 511 U.S. at 8 ("The *Webster* charge is

6

representative of the time when 'American courts began applying [the beyond a reasonable doubt standard] in its modern form in criminal cases.'") (quoting *Apodaca v. Oregon*, 406 U.S. 404, 412 n.6 (1972)).  In *Webster*, the court defined "reasonable doubt" as "that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, *to a moral certainty*, of the truth of the charge."   59 Mass. at 320 (emphasis added).  Over time, the *Webster* "moral certainty" standard fell out of favor, while the "hesitate to act" standard gained popularity.  *Victor*, 511 U.S. at 16, 20 ("[W]e do not condone the use of the phrase [moral certainty] . . . .   In any event, the instruction provided an alternative definition of reasonable doubt: a doubt that would cause a reasonable person to hesitate to act.  This is a formulation we have repeatedly approved . . . .").

¶12    The evolution of the reasonable doubt standard in Colorado has traced a somewhat similar path, although it appears that Colorado courts never fully embraced the *Webster* standard.  *See Dougherty v. People*, 1 Colo. 514, 523 (1872) ("The court declined to give this [*Webster*] instruction as drawn by prisoner's counsel, but, in lieu thereof, charged the jury that a reasonable doubt is that state of the mind on which, upon consideration of all the facts proved, the jury cannot say I am satisfied of the prisoner's guilt.").  Much like the evolution in the federal courts, eventually the "hesitate to act" definition of reasonable doubt became part of the standard instruction in Colorado.  *See Alvarez v. People*, 653 P.2d 1127, 1130 n.7 (Colo. 1982) ("Reasonable doubt . . . is a doubt

7

which is not a vague, speculative or imaginary doubt, but such a doubt as would cause reasonable men to hesitate to act in matters of importance to themselves.").

¶13    The U.S. Supreme Court has cautioned that further attempts by courts or parties to define "reasonable doubt" do not provide clarity. *See Holland v. United States*, 348 U.S. 121, 140 (1954) ("Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury . . . .") (quoting *Miles v. United States*, 103 U.S. 304, 312 (1880)); *see also Victor*, 511 U.S. at 22 ("[T]rial courts must avoid defining reasonable doubt so as to lead the jury to convict on a lesser showing than due process requires."). A division of our court of appeals also cited *Holland* for that proposition but stated that the proper inquiry is whether the contested language "caused the jury to apply the reasonable doubt standard in a way that violates due process." *People v. Gomez-Garcia*, 224 P.3d 1019, 1025 (Colo. App. 2009). Because the prosecution has the burden of proving every charge beyond a reasonable doubt, any jury instruction on reasonable doubt that creates "an improper lessening of the prosecution's burden of proof" violates "a defendant's constitutional right to due process." *See People v. Garcia*, 113 P.3d 775, 784 (Colo. 2005). As finder of fact, the jury is responsible for proper application of the reasonable doubt standard and thus requires proper instruction from the court to fulfill its duty. *See Griego v. People*, 19 P.3d 1, 7 (Colo. 2001) (reasoning that a jury "can only fulfill its constitutionally mandated role of finding each element beyond a reasonable doubt" when that jury has been properly instructed).

8

## B.  Jury Instructions

¶14     When reviewing an ambiguous jury instruction like the one here, we ask whether there is a reasonable likelihood that the jury applied the contested instruction in an unconstitutional manner. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  We do not consider jury instructions in isolation; rather, we consider them "in the context of the instructions as a whole . . . ." *Id.* (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  In the context of the entire record, if the trial court properly instructed the jury on the law — even with "objectionable language . . . [in] the trial court's elaboration of the reasonable doubt instruction" — then there is no violation of due process. *People v. Sherman*, 45 P.3d 774, 779 (Colo. App. 2001).

## C.  Application

¶15     We must determine whether the trial court's extraneous "hesitate to act" instruction lowered the prosecution's burden in violation of due process.  We conclude that it did not for two reasons: (1) the trial court gave proper instructions defining proof beyond a reasonable doubt and the prosecution's burden both before the extraneous instruction and at the close of evidence; and (2) the "hesitate to act" instruction was too nonsensical to be understood by the jury.

¶16     In the context of the entire record, the trial court properly instructed the jury on the law.  During voir dire, directly preceding the extraneous "hesitate to act" instruction, the trial court instructed the jury on the definition of reasonable doubt using the exact language from the Colorado pattern jury instructions. *See* COLJI-Crim. E:03 (2018).  And just prior to that, the trial court properly instructed the jury on both the prosecution's

9

burden and the presumption of innocence. Similarly, at the end of trial, the trial court properly instructed the jury on reasonable doubt, the presumption of innocence, and the burden of proof. But that is not the end of the inquiry. As Judge Ashby's dissent accurately states, we must presume that the jury followed all of the court's instructions. In order for jurors to follow an instruction, however, they must be able to understand it.

¶17    When evaluating whether the jury could have understood the court's "hesitate to act" instruction, it is important to note that the beginning of the instruction is logical and not legally infirm.[2] The beginning of the instruction merely explains that engaging in deliberations does not equate to reasonable doubt:

> [H]esitate to act doesn't mean if you get back in the jury room and you don't come to an instantaneous verdict that you have hesitated to act.

That is accurate. The continuation of the instruction also accurately explains that the jury should engage in deliberations with everyone participating:

> Instead what it means is that after you evaluate all of the evidence and you evaluate whether or not any doubts are reasonable or not, and you talk to everybody else, and you think about it, and you deliberate, you would find
> . . .

But at the end of the instruction, the court attempts to define "hesitate to act," and that is where it becomes problematic:

> [Y]ou would find Ms. Johnson guilty[3] only if, after hearing all of that evidence, you just can't bring yourself to do it. You just have to hesitate.

---

[2] Although we conclude that certain language is not legally infirm, we do not condone any part of this instruction.

[3] In their briefing, both parties assert that the court meant to say, "not guilty" when it said "guilty," and that this is the only way the instruction makes any sense. Even if the court

> It's not there. You can't find her guilty because the quality or quantity of evidence just doesn't let you. That's when you've hesitated to act.

That language is indecipherable. Even with the benefit of a transcript and the luxury that time gives us to parse every word, it remains unintelligible. Therefore, because the problematic portion of the "hesitate to act" instruction is unintelligible, we cannot presume that the jury understood it.

¶18    In sum, the extraneous "hesitate to act" instruction cannot have prejudiced Johnson. We note that the trial court provided the instruction to the jury verbally and only once. It was not mentioned or referenced again throughout the entirety of the proceedings, including closing arguments. The court read the correct definitions of reasonable doubt and the burden of proof immediately preceding the improper verbal instruction. Additionally, the court correctly instructed the jury numerous times regarding the presumption of innocence, reasonable doubt, and the burden of proof. Finally, it bears repeating that the instruction is nonsensical and simply too confusing for the jury to follow. Hence, we hold that the instruction did not lower the prosecution's burden in violation of due process.

## IV. Conclusion

¶19    As the Supreme Court cautioned in *Holland*, attempts to further define reasonable doubt do not provide clarity. Even if well-intentioned, this case demonstrates that point.

---

meant to say "not guilty," the instruction remains indecipherable. Both parties also raised the possibility of a transcription error, but this is not established in the record and, in any event, does not change the analysis here.

Nevertheless, the trial court did not deprive Johnson of due process. Accordingly, we affirm the judgment of the court of appeals.