23CA0294 Peo v Hammond 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0294
City and County of Denver District Court No. 21CR4815
Honorable Jay S. Grant, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Garrett M. Hammond,

Defendant-Appellant.

---

JUDGEMENT AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Zoe Bernstein, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Garrett M. Hammond, appeals the judgment of conviction entered on jury verdicts finding him guilty of third degree assault and possession of an illegal weapon.  He contends that the trial court erred by including permissive language in certain of the jury instructions.  We affirm.

## I.    Background

¶ 2    After Hammond assaulted the victim at a bus stop, the prosecution charged him with second degree assault and possession of an illegal weapon (metallic knuckles).

¶ 3    At trial, Hammond did not dispute that he had assaulted the victim — there were multiple witnesses, one of whom captured some of the assault on video.  Nor did he seriously contest his possession of metallic knuckles — those were recovered from his pocket when he was arrested shortly after the assault.  Instead, he argued that he acted in self-defense (as evidenced in part by the fact that he did not use the readily accessible metallic knuckles).

¶ 4    During the jury instruction conference, defense counsel objected to the model reasonable doubt instruction and two of the model elemental instructions on the ground that they used

1

permissive language — i.e., they said that if the prosecution failed to prove the elements of the offenses beyond a reasonable doubt, the jury "should" — rather than "must" — find Hammond not guilty. The trial court declined to deviate from the model instructions.

¶ 5    Accordingly, the court instructed on reasonable doubt, in relevant part, as follows:

> If you find from the evidence that each and every element of a crime has been proven beyond a reasonable doubt, you *should* find the Defendant guilty of that crime. If you find from the evidence that the prosecution has failed to prove any one or more of the elements of a crime beyond a reasonable doubt, you *should* find the Defendant not guilty of that crime. (Emphasis added.)

The elemental instructions for second and third degree assault and possession of an illegal weapon contained the same "should" language. The self-defense instruction, however, used the word "must" — it said that if the jury decided that the prosecution had failed to disprove self-defense beyond a reasonable doubt, the jury "must return a verdict of not guilty" on the applicable counts.

2

¶ 6     The jury acquitted Hammond of second degree assault, but it rejected his self-defense claim and found him guilty of the lesser included offense of third degree assault and of possession of metallic knuckles.

## II.     Jury Instructions

¶ 7     Hammond contends that the instructions' inclusion of "should" rather than "must" lowered the prosecution's burden of proof.  We disagree.

## A.     Standard of Review

¶ 8     Consistent with a criminal defendant's constitutional rights, the jury must be instructed that it can return a guilty verdict only if the prosecution proves every element of the charged offense beyond a reasonable doubt.  *See People v. Munoz*, 240 P.3d 311, 316 (Colo. App. 2009).  An instruction that lowers the prosecution's burden of proof constitutes structural error.  *Tibbels v. People*, 2022 CO 1, ¶ 22.

¶ 9     We review de novo whether the trial court correctly instructed the jury, including whether its instructions lowered the prosecution's burden of proof.  *Id.*  In conducting this review, we consider the jury instructions in context and as a whole to

3

determine whether there is a "reasonable likelihood that the jury applied the contested instruction in an unconstitutional manner." *Johnson v. People*, 2019 CO 17, ¶ 14.

## B.    Analysis

¶ 10    A division of this court has rejected the argument Hammond raises on appeal.  In *Munoz,* after surveying Colorado and out-of-jurisdiction case law, the division reasoned that "the common meaning of 'should' conveys an obligatory command and not a permissive request."  240 P.3d at 317.  Therefore, the division concluded that the same elemental instructions at issue here "clearly informed the jury of its obligation to find defendant not guilty of the charged offenses if the prosecution did not prove every element . . . beyond a reasonable doubt."  *Id.*

¶ 11    Hammond raises three arguments to counter *Munoz.*  First, he says that the meaning of "should" has become less obligatory over time, implying that *Munoz*'s holding has lost some of its precedential force.  But our case law has remained consistent.  *See, e.g., People v. Waller*, 2016 COA 115, ¶ 72 (The "use of the term 'should' does not grant the jury . . . discretion . . . and is no less

4

obligatory than the use of the word 'will' in the reasonable doubt instruction."). Other courts also continue to use "should" in its obligatory sense. *See, e.g., United States v. Dingle*, 862 F.3d 607, 611-12 (7th Cir. 2017) (rejecting the defendant's argument that the elemental instructions, which used "should" instead of "must," lowered the prosecution's burden of proof); *see also Willingham v. Mullin*, 296 F.3d 917, 929 (10th Cir. 2002) ("[T]he Supreme Court has never indicated that the mandatory force inherent in the term 'should' is insufficient to properly guide a jury's application of the reasonable doubt standard.").[1]

¶ 12    Second, Hammond says that *Munoz* is distinguishable because, in that case, the initial reasonable doubt instruction told the jury that it "*will* find the defendant not guilty" if the prosecution failed to meet its burden of proof, 240 P.3d at 318, and here, all of the relevant instructions used "should." But the *Munoz* division

---

[1] We acknowledge that many courts use the word "must" in their pattern instructions, "but that does not mean that 'should' is incorrect." *United States v. Dingle*, 862 F.3d 607, 612 (7th Cir. 2017). At the same time, we see nothing wrong with instructing the jury that if it decides that the prosecution failed to meet its burden, it must find the defendant not guilty.

essentially determined that in this context, "should" and "will"/"must" are interchangeable, so its holding did not turn on the fact that one instruction used the word "will." *Id.* at 317-18.

¶ 13    Third, Hammond points to the different language in the general reasonable doubt and elemental instructions on the one hand and the self-defense instruction on the other. He says that because the self-defense instruction used the word "must," but the other instructions used the word "should," the jury likely believed that, except in the self-defense context, acquittal was discretionary even if the prosecution failed to meet its burden.[2] But as we have just noted, the instructions in *Munoz* also used different terms and, nonetheless, the division concluded that the jury would understand "should" to mean "must." *Id.* at 317.

¶ 14    We adopt the *Munoz* division's view that jurors reading these instructions would not "have interpreted the word 'should' to mean that they could base their decision on their own discretion or that

---

[2] Because the jury acquitted Hammond of second degree assault, and he did not dispute that he had committed third degree assault, the case turned entirely on self-defense. And that instruction used the word "must." Therefore, even under Hammond's own argument, the prosecution's burden was not lowered in this case.

6

they were free to find [Hammond] guilty even if the prosecution did not meet its burden of proof." *Id.* at 318-19; *see also Torrence v. State*, 574 So. 2d 1188, 1189 (Fla. Dist. Ct. App. 1991) (explaining that the word "should" is not permissive in this context because "the instruction gives the jury only two choices" and thereby conveys that "an acquittal is the jury's only choice if they entertain . . . a reasonable doubt").

### III.  Disposition

The judgment is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.