22CA1795 Peo v Welker 04-03-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1795
Adams County District Court No. 21CR2739
Honorable Jeffrey Smith, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Theodore Joseph Welker,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

James West, Alternate Defense Counsel, Longmont, Colorado, for Defendant-Appellant

¶ 1 Defendant, Theodore Joseph Welker, appeals the judgment of conviction entered upon jury verdicts finding him guilty of driving while ability impaired – fourth or subsequent offense, violation of a protection order, and driving under restraint. He contends that the district court erred by denying his request for bifurcated or severed jury trials. We affirm.

## I. Background

¶ 2 The prosecution charged Welker with felony driving under the influence – fourth or subsequent offense (felony DUI), misdemeanor violation of a protection order (VOP), misdemeanor driving under restraint – alcohol related offense (DUR), and two counts of violating bond conditions.

¶ 3 In a pretrial motion, Welker requested a bifurcated trial for the jury to consider the prior conviction element of the felony DUI count separately from the offense's other elements. *See* § 42-4-1301(1)(a), C.R.S. 2024; *Linnebur v. People*, 2020 CO 79M, ¶¶ 2, 8, 33, *abrogated on other grounds by People v. Crabtree*, 2024 CO 40M. In another pretrial motion, Welker requested that the court sever the felony DUI count from the other counts. He asserted that a unitary trial would unfairly prejudice him regarding the felony DUI count

1

because the other counts would inform the jury that he had other pending criminal cases and would indicate that he was of "general criminal disposition."

¶ 4    In a written order, the district court denied the request for a bifurcated trial on the felony DUI count's prior conviction element; denied the request for a bifurcated or severed trial on the felony DUI, VOP, and DUR counts; and granted the request to hold a severed trial on the violation of bond conditions counts.  As relevant here, the court found that Welker would not be prejudiced by a unitary trial on the felony DUI, VOP, and DUR counts because they "share a common connection, namely the alleged use of alcohol by [Welker] on August 27, 2021."  The court noted that evidence of Welker's consumption of alcohol and evidence of a prior alcohol-related conviction were relevant and admissible as to both the felony DUI and VOP counts, *see* § 42-4-1301(1)(a); § 42-2-138(1)(d)(I), C.R.S. 2024.

¶ 5    Welker subsequently filed a renewed motion for severed or bifurcated trials on the felony DUI, VOP, and DUR counts.  The district court denied the renewed motion.

¶ 6     The jury acquitted Welker of felony DUI but found him guilty of the lesser included offense of felony driving while ability impaired – fourth or subsequent offense, as well as the misdemeanor VOP and DUR counts.[1]  After community corrections rejected Welker, the district court sentenced him to a prison term on the felony conviction and to time served on the misdemeanor convictions.

## II.     Legal Authority and Standard of Review

¶ 7     Crim. P. 14 permits a district court to order separate trials of counts or whatever other relief justice requires "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses . . . or by such joinder for trial together."  *See also* § 18-1-408(4), C.R.S. 2024 ("When a defendant is charged with two or more offenses based on the same act or series of acts arising from the same criminal episode, the court . . . may order any such charge to be tried separately, if it is satisfied that justice so requires.").

¶ 8     Severance means the separation of charges into separate trials with different juries, which results in the entry of multiple judgments of conviction.  Crim. P. 14; *People v. Barajas*, 2021 COA

---

[1] The prosecution later dismissed the violation of bond conditions count.

98, ¶¶ 9, 13, 15; *People v. Robinson*, 187 P.3d 1166, 1174 (Colo. App. 2008). Bifurcation means the division of a single trial into stages for one jury to separately address multiple charges, which results in the entry of a single judgment of conviction. *People v. Fullerton*, 525 P.2d 1166, 1168 (Colo. 1974); *Barajas*, ¶¶ 13-14; *Robinson*, 187 P.3d at 1174; *see also People v. Kembel*, 2023 CO 5, ¶¶ 37-39.

¶ 9 A decision whether to grant bifurcated or severed trials is within the sound direction of the district court and will only be reversed for an abuse of discretion. *See Washington v. People*, 2024 CO 26, ¶ 37; *People v. Pickett*, 571 P.2d 1078, 1082 (Colo. 1977); *see also Kembel*, ¶ 24; *People v. Harris*, 2016 COA 159, ¶ 74. A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People v. Johnson*, 2021 CO 35, ¶ 16.

¶ 10 "The discretionary nature of a Rule 14 decision creates a high bar for a defendant hoping for reversal." *Washington*, ¶ 37. To establish that a court's Crim. P. 14 ruling was an abuse of discretion, "[t]he defendant bears the burden of demonstrating (1) 'actual prejudice' caused by the joinder and (2) 'that the trier of

4

fact was unable to separate the facts and legal principles applicable to each offense.'" *Id.* (quoting *Bondsteel v. People*, 2019 CO 26, ¶ 59); *see also Pickett*, 571 P.2d at 1082; *Robinson*, 187 P.3d at 1175. The factors relied on to determine whether jurors were able to separate the facts and legal theories of each offense include "whether the jury was instructed to consider each charge separately; whether the charges were factually distinguishable; and lack of factual, evidentiary, or legal complexity." *People v. Bondsteel*, 2015 COA 165, ¶ 52, *aff'd*, 2019 CO 26, *and overruled on other grounds by Garcia v. People*, 2022 CO 6, ¶ 36.

¶ 11     Additionally, in considering a request to bifurcate, a court must weigh the risk of prejudice to a defendant in a unitary trial against the need to prevent the undue interference with the administration of criminal justice that accompanies a bifurcated trial. *See Kembel*, ¶¶ 34-35, 39-41, 44; *Fullerton*, 525 P.2d at 1167.

## III.   Analysis

¶ 12     Welker asserts that the district court abused its discretion by denying his request for bifurcated or severed trials on the felony DUI, VOP, and DUR counts because in evaluating his guilt on each

count, the jury was improperly influenced by evidence pertaining to the other counts.[2]  We discern no abuse of discretion.

¶ 13    First, as the district court found, the charged offenses were based on acts committed at the same time, and there was some overlap in the evidence relevant to each of the three counts.  *See Fullerton*, 525 P.2d at 1168 ("[W]here . . . issues sought to be tried separately are both elements of the same crime, the potential for disruption of the orderly trial of criminal cases is great."); *People v. Rosa*, 928 P.2d 1365, 1374 (Colo. App. 1996) ("Crimes committed simultaneously or in close sequence, crimes that occur in the same or closely related place, and acts that form part of a schematic whole involve interrelated proof."); *People v. Wortham*, 690 P.2d 876, 877 (Colo. App. 1984) (When deciding whether to sever counts for trial, a court may refer to Crim. P. 8, which indicates that, for the joinder of offenses, "it is unnecessary that the offenses be related by an underlying unity of purpose or scheme; they need only be

---

[2] To the extent Welker reasserts his argument that the court should have bifurcated a trial on the single felony DUI count — by having a jury determine the fact of the prior convictions at a subsequent trial — that argument is foreclosed by *Linnebur v. People*, 2020 CO 79M, and *People v. Kembel*, 2023 CO 5, cases that are binding on us. *See People v. Eason*, 2022 COA 54, ¶ 68.

committed within the same period of time, at or near the same location."); *see also Bondsteel*, 2019 CO 26, ¶ 63 (The defendant was not prejudiced by a unitary trial in part because "the evidence and investigations in [two cases consolidated for trial] were intertwined and overlapping.").

¶ 14　　And, while some nonoverlapping evidence that was relevant and admissible as to one count may have been inadmissible and potentially prejudicial as to the other counts, all the evidence did not have to be cross-admissible for a unitary trial to be appropriate. *See Washington*, ¶ 27. The question is whether the defendant suffered actual prejudice from the denial of the severance motion. But Welker says only that prejudice was "inherent"; he does not identify any actual prejudice, much less unfair prejudice, from the admission of evidence related to the other counts. *See Kembel*, ¶ 53 (Even though the potential prejudice to a defendant in a unitary trial cannot be completely eliminated, "not all prejudice to a defendant is unfair."); *People v. Guffie*, 749 P.2d 976, 982 (Colo. App. 1987) ("To establish abuse of discretion, . . . [t]here must be actual prejudice to the defendant and not just the differences inherent in any trial of different offenses."); *see also People v.*

*Pasillas-Sanchez*, 214 P.3d 520, 530 (Colo. App. 2009) (The district court did not abuse its discretion by denying a request for a severed trial in part because the defendant "ha[d] not specifically pointed . . . to any occasion on which the joint trial of the issues resulted in any actual prejudice against him.").

¶ 15    Second, Welker did not establish that the jury was unable to separate the facts and legal principles applicable to each offense. Importantly, the Colorado Supreme Court has recognized that prejudice suffered as a result of a unitary trial can be mitigated through jury instructions. *See Kembel*, ¶ 49 ("We realize . . . the potential for prejudice to a defendant in a unitary trial. But . . . that potential can be largely neutralized through limiting jury instructions."); *see also Fullerton*, 525 P.2d at 1168.

¶ 16    The district court properly instructed the jurors regarding its consideration of the evidence and the counts: (1) "[e]ach count charges a separate and distinct offense and the evidence and the law applicable to each count should be considered separately, uninfluenced by your decision as to any other count"; (2) "[t]he fact that you may find the defendant guilty or not guilty of one of the offenses charged[] should not control your verdict as to any other

8

offense charged against the defendant"; and (3) evidence of prior convictions "has been admitted for a limited purpose" and "can only be used to determine whether the prosecution has met its burden with regard to element 5 of Driving Under the Influence or element 5 of the lesser included offense of Driving While Ability Impaired." *See Bondsteel*, 2019 CO 26, ¶ 62; *Robinson*, 187 P.3d at 1175; *People v. Dembry*, 91 P.3d 431, 436 (Colo. App. 2003); *Rosa*, 928 P.2d at 1374; *Wortham*, 690 P.2d at 878. Absent evidence to the contrary, we presume the jurors followed these instructions. *See Johnson v. People*, 2019 CO 17, ¶ 16; *People v. Curtis*, 2014 COA 100, ¶ 23.

¶ 17 Third, the evidence against Welker was strong. *See Washington*, ¶ 29; *Bondsteel*, 2019 CO 26, ¶ 64. Indeed, Welker acknowledges in his briefing that the prosecution presented evidence establishing that "[a]t the time of his arrest, Mr. Welker was under a restraining order prohibiting him from the use of alcohol, [he] had a suspended license, and he had three prior convictions for driving while intoxicated." The jury also viewed an officer's body camera footage of Welker's arrest and learned that he had refused roadside or chemical testing.

9

¶ 18     Fourth, we are not convinced that the factual, evidentiary, or legal complexity of each count was so great as to cause juror confusion. *See Bondsteel*, 2015 COA 165, ¶ 54 ("The [two cases consolidated for trial] involved distinct facts and some different legal theories. But the facts and legal theories were not so complex as to suggest a risk of jury confusion."); *Wortham*, 690 P.2d at 878 (The district court did not abuse its discretion by denying the request to sever counts in part because "the facts relating to each were not complex.").

¶ 19     Finally, the jury's acquittal of Welker on the felony DUI count and its conviction on the lesser included offense of driving while ability impaired reflects that the jury was able to properly consider the charges. *See Bondsteel*, 2019 CO 26, ¶ 62 (The jury's acquittal on some counts and conviction on a lesser included offense "suggest . . . that the jury carefully considered each count and did not blur together the facts and legal theories involved in each case but rather kept them separate."); *Pasillas-Sanchez*, 214 P.3d at 530 ("[T]he jury returned a verdict on second degree murder, as opposed to first degree murder, indicating it was able to separate the different legal principles and apply them to the necessary facts for

10

each offense."); *Dembry*, 91 P.3d at 436 (The defendant did not demonstrate that the district court abused its discretion in part because "the jury did not convict [the] defendant of attempted manslaughter, but of the lesser included offense of reckless endangerment.").

## IV.  Disposition

¶ 20  The judgment of conviction is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.